Payne ROYE, Appellant,

v.

SILVER DOLLAR FINANCING, INC., Appellee.

No. 16950.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 20, 1968.

Gerald Weatherly, Dallas, for appellant.

Payne Roye, pro se.

Jennings, Montgomery & Dies, and Roy M. Dies, Jr., Graham, for appellee.

## OPINION

RENFRO, Justice.

Silver Dollar Financing, Inc., sued Payne Roye on a promissory note in the amount of $3,000.00.

Defendant filed only a general denial. On January 25, 1968, a jury was waived, "and matters of fact and things in controversy being submitted to the court in their due and regular order, and it appearing to the court from the pleadings and upon good and sufficient evidence that plaintiff is entitled to recover * * *", judgment was rendered, as principal, interest and attorney's fees, in the sum of $3,498.00.

Defendant filed a transcript in this Court on March 7, 1968. His brief was filed April 5, 1968.

Defendant's only point of error reads, "It not being shown that the note sued on was introduced into evidence nor otherwise properly established, the Trial Court reversibly erred in rendering judgment herein against appellant."

Defendant did not file a statement of facts.

The judgment recites that matters of fact and good and sufficient evidence entitled plaintiff to judgment.

■ In the absence of a statement of facts or findings of fact the appellate court will assume the trial court had before it and passed upon all the facts necessary to authorize it to render the judgment it did render. This is especially true where the judgment recites that "good and sufficient evidence" was introduced. Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946); Mutual Inv. Corporation v. Hays, 59 S.W.2d 97 (Tex.Com.App., 1933); Huckman v. Campbell, 255 S.W.2d 591 (San Antonio Tex.Civ.App., 1953, no writ hist.); Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945).

The judgment of the trial court is affirmed.

By cross-point plaintiff requests this Court to invoke Rule 438, Texas Rules of Civil Procedure, and assess ten per cent damages against defendant for taking an appeal without cause and for delay only.

■ It has long been the general rule in this state that a motion for damages for delay, or for frivolous appeal, has the effect of opening up the entire record in the case, requiring the appellate court to inspect the record and to assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. National Surety Corporation v. Stukes, 350 S.W.2d 900 (Austin Civ.App., 1961, no writ hist.).

■ We presume defendant is familiar with the rule. After the time had passed for filing a statement of facts, plaintiff presented a complete statement of facts to the court, which showed the note was indeed introduced, for the limited purpose of the court's consideration in determining

whether damages should be added to the judgment. Defendant vigorously objected to such filing. We have no authority to allow such late filing. 4 Tex.Jur.2d 445–446, § 867.

Rule 438 provides, "Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing."

■ There are circumstances under which the penalty will be assessed even though no statement of facts is before the court. In Lundy v. Little, 227 S.W. 538 (Amarillo Tex.Civ.App., 1921, no writ hist.), the court held, "These assignments (by appellant) are noticed because the appellee asked for an affirmance with damages for delay. * * * There is no evidence brought up in the record, but the judgment shows it was rendered upon evidence. We can see no reasonable ground for this appeal, unless it be for delay. There is no assignment briefed on a ground upon which the trial court was called upon to act. * * * we believe we should allow 10 per cent. damages for delay."

We repeat defendant's sole point of error, "It not being shown that the note sued on was introduced into evidence nor otherwise properly established, the Trial Court reversibly erred in rendering judgment herein against appellant."

Under the heading, "Brief of the Argument," defendant says, "It is submitted that the correctness of the above point is clear without citation of authority. The judgment (TR 10–11) is the only showing of what occurred at the trial, and it does not show that the note was introduced or otherwise properly established." The above is defendant's brief in its entirety, except for the prayer.

Defendant knew when he appealed that the judgment recited that all matters of fact and things in controversy were submitted to the court and the court "upon good and sufficient evidence" entered judgment. Defendant knew when he appealed that he could not win a reversal on his "insufficient evidence" point without bringing forward the statement of facts, or findings of fact by the trial court.

Defendant is a lawyer and was represented by counsel.

He filed a general denial only.

He was granted one continuance by the court. Plaintiff asserts, and it is not denied by defendant, that on the day of trial defendant's attorney announced in open court the claim of plaintiff would not be contested and thereupon with permission of the court departed the courtroom. Neither defendant nor his counsel appeared on submission day in this court to present oral argument.

This was a suit on a promissory note.

Defendant did not plead any specific defenses, merely a general denial. He did not defend in the trial court. He knew his only point of error could not be considered without a statement of facts. He filed no statement of facts and gave no reason whatever for his failure to do so.

■ The law is so well settled that the appellate court will presume sufficient evidence was introduced to support the judgment, especially when the judgment recites that evidence was introduced, that we must find from the record before us there was no sufficient cause for taking the appeal and that the appeal was taken for delay only.

The amount of ten per cent of the judgment is here added thereto.

We realize many meritorious appeals are taken when for various reasons statements of facts are not filed in the appellate court. It is only in an appeal of this character, where we see no probable cause for taking an appeal and the appeal was palpably taken for the purpose of delay only, that we

assess damages even though the whole record is not before us.

Judgment affirmed with ten per cent of the amount of judgment added as damages.

Affirmed with damages.