Katherine A. **KELTON**, Appellant,

v.

Gary Ray **KELTON**, Appellee.

No. 305.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 17, 1969.

George E. Baldry, Jr., Houston, for appellant.

Thomas W. Youngblood, Jr., Markwell, Stubbs, Decker, Dalehite & Youngblood, Galveston, for appellee.

SAM D. JOHNSON, Justice.

This is an action in the nature of a bill of review to set aside a judgment of divorce rendered by the Court of Domestic Relations of Galveston County.

An original petition for divorce was filed by Gary Ray Kelton on July 7, 1967 against his wife, Katherine A. Kelton. Service of citation appears in the record indicating service was made on July 13, 1967. The divorce was granted on September 8, 1967 and the decree of divorce was signed and entered on September 13, 1967. The decree granting the divorce to the plaintiff gave him custody of the minor child, Sabre Elaine Kelton, and recited that the parties had arrived at an amicable property settlement. On September 28, 1967, the divorce decree was modified to provide for distribution of the community property.

On October 26, 1967, the defendant filed what is styled as a "Motion to Set Aside Judgment." It was set for hearing on November 29, 1967 but it does not appear that any action thereon was taken by the court or was urged by the defendant. This motion is significant in two respects. First, it was filed less than 30 days after the date of the modified decree referred to above. Second, in such motion the defendant asserts that "on the 15th day of September, 1967, notice was given to the court chal-

langing (sic) said judgment on the ground of lack of jurisdiction."

On February 26, 1968, the plaintiff filed a Motion for Contempt alleging the defendant had taken the minor child from the custody of the plaintiff and removed her from the jurisdiction of the court. She was "adjudged guilty of contempt of court" on March 26, 1968.

On January 2, 1969, over 15 months after the modified decree of divorce was entered, the defendant filed what is styled her "FIRST AMENDED MOTION TO SET ASIDE JUDGMENT." The trial court set such motion for hearing and by its order signed and entered on May 13, 1969, overruled such motion. The defendant, appellant here, asserts that her First Amended Motion to Set Aside Judgment is in the nature of a bill of review and that the instant appeal is from the order of the trial court overruling her motion.

Appellant's motion, which is considered to be in the nature of a bill of review, makes numerous contentions. In the instant appeal appellant asserts that the court erred in overruling such bill of review. Appellant here contends that the court erred in not setting aside its judgment because the citation shows that service was not properly obtained and that her motion properly stated good cause based upon fraud for the granting of her motion.

The sheriff's return on the citation in issue reflects that the defendant, Katherine A. Kelton, was served in person. On the back of the citation was written what apparently were the circumstances under which the process was serviced: "Called Mrs. Kelton by phone first and explained the nature of the citation went out to her home found her in front yard as I got out of the car she ran into the house. I called to her but she would not stop. I knocked at the door for 20 minutes and then left papers in door. I then phoned Mrs. Kelton to tell her she had been served, she hung up on me." It is appellant's position that the judgment should be set aside as the citation shows on its face that service was not obtained in accordance with the Texas Rules of Civil Procedure. Without dwelling upon the substance of this contention, about which there is serious doubt, see Sessions v. Price Drilling Co., 337 S.W.2d 368, Tex.Civ.App., writ ref., n. r. e., we proceed to the reasons for the instant determination.

It affirmatively appears in defendant's first Motion to Set Aside Judgment of October 26, 1967 that "on the 15th day of September, 1967, notice was given to the court challanging (sic) said judgment on the ground of lack of jurisdiction." This sworn motion affirms that the defendant had notice of the court's Modified Decree of Divorce two days after it was entered. Nevertheless appellant took no action whatsoever relative to it.

A bill of review is a proceeding in equity and before one is entitled to relief thereby he must come into court with clean hands, and he must plead and prove that the judgment which he seeks to set aside was not the result of his own negligence or fraud, but was the fault of the other party. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). In Watson v. Morgan, Tex.Civ.App., 244 S.W.2d 573, the Court considered a case closely akin to the instant action. The defendants appeared by the citations to have been served. No answer was filed, however, and judgment was rendered against them. A copy of the judgment was received by defendant's counsel four days later but no motion for new trial was filed. Subsequently an action in the nature of a bill of review was filed. The San Antonio Court of Civil Appeals through Justice Pope stated, " * * we hold that appellants failed to exhaust their legal remedies before seeking the aid of equity. It is undenied that appellants actually received and had full knowledge of the citations, the amended petition and

the court's judgment, and that the term of court did not expire until seven days after knowledge of the judgment. No steps were taken to set aside the judgment for fifty days. Hence the situation here presented is that of a judgment, regular on its face, rendered by a court with jurisdiction of the subject matter against persons whom the return shows to have been properly served, but who actually were not personally served, and about which judgment the appellants actually knew in time to have invoked a legal remedy during term time.

 "Knowledge that a judgment had been rendered against appellants imposed upon them the duty to take immediate legal steps then available. * * * Since appellants failed to avail themselves of their legal remedies or to excuse their failure to act, we think the judgment became final and that the trial court properly refused to set it aside on the bill of review." So it is in the case at bar. It appears that the appellant affirmatively knew of the court's judgment in time to have invoked a legal remedy but wholly failed to do so.

In addition, this Court has before it no statement of facts, no bill of exceptions, no findings of fact or conclusions of law. "In the absence of a statement of facts or findings of fact the appellate court will assume the trial court had before it and passed upon all the facts necessary to authorize it to render the judgment it did render." Roye v. Silver Dollar Financing, Inc., 432 S.W.2d 123, 124, (Tex.Civ. App.1968); Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945). It will be presumed the evidence introduced supports the judgment, Thompson v. Republic Acceptance Corp., 388 S.W. 2d 404, (Tex.Sup.1965), and that every fact necessary to support the judgment was found by the trial court, Roye v. Silver Dollar Financing, Inc., supra. In the state of the instant record these asssumptions and presumptions are controlling.

The decree is affirmed.