Joseph **BLANCAS**, Appellant,

v.

Amy **BLANCAS**, Appellee.

No. 8168.

Court of Civil Appeals of Texas, Texarkana.

May 15, 1973.

Kelly D. McGehee, Dallas, for appellant.

Brenda H. Solis, Dallas, for appellee.

CORNELIUS, Justice.

Writ of Error to review a divorce judgment. The divorce action was brought by appellee Amy Blancas against Joseph Blancas in the Domestic Relations Court No. 3 of Dallas County, Texas. The original petition was filed on December 16, 1971, and sought a divorce on grounds of cruelty under Sec. 3.02 of the Texas Family Code, V.T.C.A. The petition also sought temporary restraining orders, a sworn inventory of the community and separate property, an equitable division of the property between the parties, and attorney's fees. Temporary orders were issued between December 28, 1971 and January 10, 1972, and appellant was incarcerated for a time for contempt of court. Appellant, through his attorney, filed a written general denial on March 24, 1972. On July 5, 1972, appellant's counsel, on motion and order of the court, was allowed to withdraw as attorney of record. On September 18, 1972, trial was held on the divorce petition. Neither appellant nor any attorney representing him appeared at the trial. Judgment was entered on September 25, 1972, "dissolving the bonds of matrimony existing between the parties," awarding appellee custody of the minor child and ordering child support payments to be made by the appellant. Although appellee's petition alleged the ownership of certain community property and prayed for an equitable division thereof, as well as for a sworn inventory of the property to be filed by the appellant and for an injunction prohibiting appellant from disposing of such property pending the divorce, the divorce decree made no mention of property.

On October 18, 1972, appellant, represented by his present counsel, filed his "motion to set aside the judgment and for new trial." The basis of the motion was that appellant never received the notice which had been mailed to him advising of the withdrawal of his attorney and that he did not know that the matter was to be tried until he received a copy of the final divorce decree on October 16, 1972, and that he was thus deprived of an opportunity to be present at the trial, and that there ". . . . is no evidence . . . . that sustains the judgment . . . . and in fact establishes between the parties a relationship of common law marriage."

A hearing was held on appellant's motion where evidence was presented by appellant and his former attorney on the question of appellant's failure to receive notice of the withdrawal of such attorney. The trial court overruled the motion.

Appellant, not having timely perfected an appeal and not having participated in the actual trial of the case, perfected this writ of error, presenting three points for review. These points are:

"Point I. The trial court erred in overruling Appellant's Motion for New Trial in that Appellant did not have notice of the withdrawal of his attorney of record and was misled as to the hearing date by the Appellee.

"Point II. The trial court erred in failing to make a division of the community property and estate as alleged and prayed for by Appellee.

"Point III. The trial court erred in not setting forth the prevailing party within the judgment."

No statement of facts has been brought forward covering the trial on September 18, 1971, or any other proceedings except the hearing on the motion for new trial which was held on October 18, 1971. Findings of fact and conclusions of law were neither requested nor filed.

We first consider Point No. I. At the hearing on the motion for new trial, only appellant and his former attorney Jerry Hughes testified. From the testimony and exhibits, it appears that appellant at all pertinent times lived at 3424 Sanford Street in Dallas. Exhibit 1 was a copy of a letter from Mr. Hughes to appellant dated July 3, 1972, which advised of his motion to withdraw as appellant's attorney. It was sent by certified mail to appellant at 3424 Sanford Street. The return receipt was signed, "Nidia Sanchez." Appellant testified that such person was not authorized to accept the letter. Exhibit 2 was a letter dated July 7, from Mr. Hughes to the appellant which advised of the court's granting the motion to withdraw and which enclosed a copy of the court order. Both letters advised that the case was set for trial on August 8 and urged appellant to secure new counsel. Appellant testified that he never received or saw the letters with the enclosures. He did receive a copy of the final decree. It was sent in an envelope to 3424 Sanford, but appellant testified that he received the envelope and contents in another envelope addressed and delivered to him at his place of work at 1919 Skillman. Appellant testified that about two weeks prior to this hearing he had seen Amy Blancas and she told him, "You had better get ready. The divorce papers are ready." He answered, "When are they going to be ready?" She answered, "You just wait," and walked off. There was no testimony of any personal inquiries made by appellant concerning the status of his case or the setting of the same for trial.

In a nonjury matter, when findings of fact and conclusions of law are not requested or filed the reviewing court must affirm the action of the trial court if it is sustained by evidence on any lawful theory. Community Public Service Co. v. Dugger, 430 S.W.2d 713 (Tex.Civ.App.Texarkana 1968, no writ); Doss v. Blackstock, 466 S.W.2d 59 (Tex.Civ.App.Austin, 1971 writ ref'd n. r. e.). Under such rule, we must conclude that the trial court found neglect or lack of diligence on the part of the appellant, or that appellant actually had notice of the withdrawal of his attorney. Although appellant testified that he did not receive the letters or papers and did not know of the withdrawal, the trial court was not required to accept his testimony as true, it being that of an interested party. The record discloses circumstances sufficient to support the trial court's action on either of such theories. In addition, appellant's "Motion to Set Aside the Judgment and for New Trial" was not filed within 10 days after the rendition of the judgment. Whether it be considered as in the nature of a bill of review or as an appeal to the equitable power of the court over its judgment for 30 days, the appellant was not entitled to relief unless he showed that his failure to appear was not due to his own fault, and that he had a meritorious defense to the original action. Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup.1966); McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961). His motion for new trial only alleged that there was no evidence that sustains the judgment or "in fact establishes a relationship of common law marriage." Even if this was a sufficient pleading of a meritorious defense, appellant produced no affidavits or other evidence whatsoever showing prima facie the existence of any such defense. The degree of proof required is stronger in the case of a bill of

review, but in any event, there must be at least allegations of facts showing lack of fault and a meritorious defense, and these must be supported by affidavits or other evidence constituting prima facie proof of the defense. Ivy v. Carrell, supra; Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm.App.1939); Maeding v. Maeding, 155 S.W.2d 991 (Tex.Civ.App.Galveston 1941, no writ). We do not believe appellant discharged his burden in this respect. Point I is overruled.

As concerns Point of Error No. II, Sec. 3.63 of the Texas Family Code now provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

This provision is a carry-over of Art. 4638, Vernon's Ann.Civ.St., which provided as follows:

"Art. 4638: Division of property—The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

 It is well settled that this statutory provision is mandatory and that when the jurisdiction of the divorce court is invoked by the pleadings of either party to determine the rights of property as between such spouses the court must decree a division of the property. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939); Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960); Henderson v. Henderson, 425 S.W.2d 363 (Tex.Civ.App.San Antonio 1968, dismissed); 20 Tex.Jur.2d 543, 544; 15 Baylor Law Review 237. Failure of the court to decree a division of the property does not render the decree void, and if no complaint is made the divorced parties become tenants in common in the property or joint owners thereof just as if they had never been married. Kirkwood v. Domnan, 80 Tex. 645, 16 S.W. 428 (1891); Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102 (Tex.Sup.1942); McDaniel v. Thompson, 195 S.W.2d 202 (Tex.Civ.App.San Antonio 1946, ref'd). When complained of and properly presented for review, however, the failure to decree a division of the property is error. Russell v. Russell, 79 S.W.2d 639 (Tex.Civ.App.Fort Worth 1935, dism'd).

 However, we do not have a statement of facts covering the hearing of the divorce case, or the hearing on the temporary injunction held on December 21, 1971. In the absence of a complete statement of facts, we are required to indulge every presumption in favor of the trial court's judgment and such facts as are necessary to support the judgment must be presumed to have been found. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945); Kelton v. Kelton, 448 S.W.2d 569 (Tex.Civ.App.Houston 14th 1969, no writ); Roye v. Silver Dollar Financing, Inc., 432 S.W.2d 123 (Tex.Civ. App.Fort Worth 1968, no writ); The Englander Co., Inc. v. Kennedy, 428 S.W.2d 807 (Tex.Sup.1968); Harvey v. State, 389 S.W.2d 692 (Tex.Civ.App.Dallas 1965, ref'd, n. r. e.); North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966); Box v. Associates Investment Co., 389 S.W.2d 687 (Tex.Civ. App.Dallas 1965, no writ). Appellee in her petition, which alleged the existence of personal property consisting mostly of money in bank accounts, prayed for a temporary restraining order preventing appellant's disposition thereof and for an "immediate" division of said monies between the parties. The fiat issued by the court so restrained the appellant and set a hearing for December 21, at which time appellant was required to appear and show cause

why, among other things, "all monies, bank accounts, checking or savings, should not be *divided between the parties hereto immediately.*" An order was issued by the court on December 28, 1971, making the fiat into a temporary injunction. This order stated that a hearing had been held on December 21, at which respondent (appellant) was personally present. The hearing on the divorce was not held until September 18, 1972, and the decree was entered on September 25, 1972. We must presume, therefore, that the trial court either found there was no property, or that such property as existed had already been divided between the parties as mentioned in the court's order, at the time the hearing on the divorce was held. This presumption would seem to be consistent with logic and with the record, in view of the above recited facts. Point of Error No. II is therefore overruled.

 As concerns Point of Error No. III, the divorce was sought on the grounds of cruelty, even though at that time divorce without fault was permitted under the provisions of the Family Code. Our courts have held that the divorce decree must set forth the party to whom the divorce is awarded. Dunn v. Dunn, 217 S. W.2d 124 (Tex.Civ.App.Amarillo 1949, dismissed). It is recognized, however, that such is not necessary when from the judgment itself or from the record it may be inferred or implied to whom the divorce was granted. Bronner v. Bronner, 267 S. W.2d 577 (Tex.Civ.App.Amarillo 1953, no writ). In this case, since appellee was the only one who sought a divorce and appellant was not present at the trial, it may be inferred from the judgment and the record that the petition of appellee was granted and she was awarded a divorce. The fact that the decree only "dissolved the bonds of matrimony" between the parties and did not recite that a "divorce was granted" would not seem to be significant in view of the circumstances here and the Texas Family Code which now recognizes "no

fault" divorce. Point of Error No. III is therefore overruled.

Finding no reversible error, the judgment of the trial court is affirmed.