Samuel Wells WHITEHILL, Appellant,

v.

Mary Lee WHITEHILL, Appellee.

No. A2862.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1982.

Rehearing Denied Jan. 29, 1982.

Kenneth L. Box, Houston, for appellant.

John Graml, Houston, for appellee.

Before J. CURTISS BROWN, and PAUL PRESSLER and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This appeal attacks the portion of a decree in a divorce action effecting division of the marital estate. Appellant contends the trial court failed to order a division of the estate of the parties in a manner that is just and right and complains of the appointment of a receiver. We reverse and remand.

Samuel Wells Whitehill (appellant) and Mary Lee Whitehill (appellee) were divorced by a decree signed by the court below on April 14, 1981. The pertinent portions of the decree are as follows:

IT IS DECREED that the estate of the parties be divided as follows:

IT IS DECREED that SAMUEL WELLS WHITEHILL is awarded "Samuel Wells Whitehill", CLU & Associates as his sole and separate property, and Petitioner is hereby divested of any right, title and interest in the business. The business includes his insurance renewals and the office furniture.

IT IS DECREED that MARY LEE WHITEHILL is awarded the parties' homestead at 9302 McAfee, Houston, Texas, subject to Samuel Wells Whitehill's interest in said homestead of $5,860.

IT IS DECREED that MARY LEE WHITEHILL has the option to purchase Samuel Whitehill's interest in the home at 9302 McAfee, Houston, Texas, for $5,860, plus interest at nine percent (9%) from the date of rendition of Judgment until said option is exercised. Said option must be exercised on or before three hundred sixty (360) days after the date of rendition of Judgment. If said option is not exercised and the money delivered within said time, then Mr. Phil Reardon is to be appointed Receiver and is to sell said home.

IT IS ORDERED that upon the sale of the home, the Receiver is to pay Mr. Whitehill $5,860, plus interest from date of rendition of Judgment, and to pay Mary Lee Whitehill all of the remaining proceeds.

IT IS DECREED that Mr. Phil Reardon should collect all necessary information from SAMUEL WELLS WHITEHILL and MARY LEE WHITEHILL to calculate and file all tax returns for the years 1977, 1978, 1979, and 1980. IT IS DECREED that Mr. Phil Reardon shall retain Mr. Robert Abrasley to prepare and file all said returns.

IT IS DECREED that Mr. Phil Reardon is appointed Receiver to distribute and divide the following property:

IT IS ORDERED that all personal property, automobiles, furniture, cash, money on deposit at savings institutions, cash surrender value on insurance, and certificates of deposit be delivered to Mr. Phil Reardon on or before the 18th day of May, 1981, at a place to be selected by the Receiver, Mr. Reardon.

IT IS ORDERED that Mr. Reardon shall divide all cash, funds, and monies, sixty percent (60%) to Petitioner, MARY LEE WHITEHILL, and forty percent (40%) to Respondent, SAMUEL WELLS WHITEHILL.

IT IS ORDERED that all other personal property, furniture, automobiles, etc., shall be delivered to a place designed (sic) by the Receiver and be divided by selection of the Petitioner and Respondent. There shall be rounds of ten selections per round. Petitioner is to begin each round and to select from all of the items, and is to make the first, third, fifth, sixth, seventh, and ninth selections. Respondent, SAMUEL WELLS WHITEHILL, is to have the second, fourth, eighth, and tenth selections. There will be as many rounds as is necessary to divide all of the above property.

Appellant brings five points of error complaining the trial court (1) erred in failing to order a division of the estate of the parties in a manner that is just and right; (2) abused its discretion in dividing the estate of the parties as provided in the decree; (3) erred in its division of the estate of the parties because the division orders of the decree are so ambiguous, vague and uncertain as to be unenforceable; (4) erred in appointing a receiver; and (5) erred by not clearly and specifically defining the duties of the receiver.

■ Tex.Fam.Code Ann. § 3.63 (Vernon 1975) provides: "in a decree of divorce or anullment the court *shall* order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." (emphasis added.) This provision is mandatory. *Adam v. Stewart*, 552 S.W.2d 536, 537 (Tex.Civ.App. —Houston [14th Dist.] 1977, no writ); *Reed v. Williams*, 545 S.W.2d 33 (Tex.Civ.App.— San Antonio 1976, no writ). When the jurisdiction of a district court is invoked in a divorce proceeding by the pleadings of either spouse the court must decree a division of the property. *Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299, 302 (1960).

■ Texas courts have consistently held where a property division is made in a divorce case it must be presumed that the trial court exercised its discretion properly, and reversal should only result upon a clear showing of abuse of discretion. At this point we should also note we have before us no statement of facts, and absent a statement of facts or findings of fact an appellate court will assume the trial court had before it and passed upon all the facts required to support the judgment it did render. *Roye v. Silver Dollar Financing, Inc.*, 432 S.W.2d 123, 124 (Tex.Civ.App.— Fort Worth 1968, no writ); *Kelton v. Kelton*, 448 S.W.2d 569 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945).

■ While we are mindful of our standard of review, we note the final paragraph of the enumerated portion of the decree concerning "all other personal property, furniture, automobiles, etc." We hold such an alternating selection process to be held after the entry of the decree and, therefore without judicial approval, to be on its face in violation of the mandatory provisions of the Family Code requiring the trial court to order a division of the property.

■ We also note the provisions of the decree concerning "Samuel Wells Whitehill", C.L.U. & Associates. This business entity is not defined except to say it includes insurance renewals and office furniture. While this alone may not be sufficient support for our holding, the uncertainty concerning the specific assets involved when read with other portions of the decree

contributes to our feeling that the decree did not discharge the trial court's duty to make a division of the estate of the parties. Appellant's first point of error is sustained.

Our holding on appellant's first point of error requires us to reverse the decision of the trial court concerning the property settlement portions of the decree. This result is also justified when we consider the provisions dealing with the appointment of a receiver. The trial court appointed a receiver to file the income tax returns of the parties for 1977 through 1980, to sell the residence and make distribution of the proceeds on the condition that the one-year option of appellee to purchase the interest of appellant was not exercised, and to collect and divide all cash, funds and monies.

Tex.Rev.Civ.Stat.Ann. art. 2293 (Vernon 1971) authorizes the appointment of a receiver in an action between persons jointly interested in property if: (1) the requesting party's interest in the property is probable, and (2) where it is shown the property or fund is in danger of being lost, removed or materially injured. *Gunther v. Dorff*, 296 S.W.2d 638 (Tex.Civ.App.—Waco 1956, writ dism'd). In a divorce action where the court is making a division of the estate of the parties, there is no question of the parties each having an interest in the property. The issue before us is whether the receivership was reasonably necessary for the preservation of the property.

We hold the appointment of a receiver to file the tax returns of the Whitehills amounts to an abuse of discretion. This activity does not constitute preservation of property which is the well established purpose of a receiver. It is an activity which is properly the right of the parties and one of them should have been designated as responsible for the task. We also hold the appointment of a receiver to sell the residence upon a contingency which may occur in the future is an abuse of discretion. Given the way in which the residence was divided, danger of injury or loss concerning the interest of appellant should be a consideration only if the one-year option expires without his interest being purchased. The court could have established a security interest in the property in the amount of his interest which could be foreclosed at the end of the option period. Appellant could at that time, or prior to that time under proper circumstances, petition the court to use its powers to enforce its judgment. These powers would include the appointment of a receiver. Appellant's fourth point of error is therefore sustained.

In view of our holdings on appellant's first and fourth points of error and without reaching appellant's other points of error, we reverse the portions of the decree dealing with the division of the estate of the parties and remand the cause for a new determination of that issue. The decree in all other respects is affirmed.

Reversed and remanded in part; affirmed in part, costs are charged against appellee.