**Peggy Lee Dietrick GUTIERREZ, Appellant,**

v.

**Adolfo GUTIERREZ, Appellee.**

**No. 16834.**

Court of Appeals of Texas, San Antonio.

Dec. 22, 1982.

Bobby D. Myers, San Antonio, for appellant.

James Haynes, Jr., Laredo, for appellee.

Before CLARK, CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal arising out of the division of property in a divorce proceeding. Peggy Lee Dietrick Gutierrez (appellant) and Adolfo Gutierrez (appellee) were divorced by a decree signed by the trial court on February 27, 1981.

In dividing the property of the parties, the trial court first awarded to each party as their separate property all of their respective personal belongings. The court then ordered as follows:

IT IS DECREED that Petitioner and Respondent are each awarded a Fifty per cent (50%) interest in the below described real and personal estate which consists of *all of the assets* of Petitioner and Respondent.... (emphasis added)

The decree also ordered that each party assume responsibility for fifty per cent (50%) of all outstanding liabilities. Thirty-two separate debts totalling $171,769.54 were listed in the decree.

■ We note at this point that we have before us no statement of facts. Absent a statement of facts or findings of fact and conclusions of law, an appellate court will assume the trial court made all necessary findings to support its judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980); *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363, 365 (1945). We shall be guided by that rule as we review the points of error advanced by appellant.

■ Appellant brings five points of error, complaining that the trial court (1) abused its discretion in awarding property in a manner manifestly unjust and unfair to appellant; (2) erred in divesting appellant of her interest in her separate property; (3) erred in failing to identify separate property; (4) erred in refusing to divide community property; and (5) erred in entering a judgment which is contingent upon the happening of a future event.

Tex.Fam.Code Ann. § 3.63(a) (Vernon Supp.1982) provides:

In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

The trial court has broad discretion in determining the disposition of property in divorce actions, and the court's decision will not be disturbed absent a clear showing of an abuse of discretion. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); *McKnight v. McKnight,* 543 S.W.2d 863, 866 (Tex.1976). Our sole task is to review the record for an abuse of discretion, *McKnight v. McKnight, supra* at 866, and we must indulge in every reasonable presumption in favor of a proper exercise of discretion by the trial court. *Murff v. Murff, supra* at 699; *Cooper v. Cooper,* 513 S.W.2d 229, 233 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

■ Although the trial court is given wide latitude under the provisions of section 3.63(a), the discretion of the court is not unlimited, *see McKibben v. McKibben,* 567 S.W.2d 538, 539 (Tex.Civ.App.—San Antonio 1978, no writ), and the court must decree a division of the property of the parties when the jurisdiction of the court is invoked in a divorce action by the pleadings of either spouse. *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299, 302 (1960); *Whitehill v. Whitehill,* 628 S.W.2d 148, 150 (Tex.App.—Houston [14th Dist.] 1982, no writ).

Our examination of the record before us (the statement of facts is not before us) reveals that the parties owned all assets and shares of stock in a business known as Transworld Bonded Warehouse, Inc. (Transworld). Although the divorce decree fails to mention this business, appellant's briefs state that this business was established by the parties during marriage. Appellee has failed to controvert these statements, and in fact, has admitted in his brief that "[t]he Statement of the Nature of the Case as alleged by Appellant in her brief is correct

...," and the Statement of the Nature of the Case contains the assertion regarding the acquisition of Transworld. Under such circumstances we shall treat these factual statements as being true. Tex.R.Civ.P. 419.

While we are mindful of our standard of review, we are also mindful of the mandatory nature of section 3.63 of the Family Code. *See Reed v. Williams,* 545 S.W.2d 33, 34 (Tex.Civ.App.—San Antonio 1976, no writ). We hold that the trial court abused its discretion and erred in failing to mention or divide that portion of the estate of the parties represented by the business known as Transworld. *See Blancas v. Blancas,* 495 S.W.2d 597, 601 (Tex.Civ.App.—Texarkana 1973, no writ). We also note that several of the debts listed in the decree, for which appellant was ordered to assume fifty per cent (50%) liability, are the types of debts ordinarily incurred by a warehouse business. This fact contributes to our conclusion that appellant was harmed by the failure of the trial court to divide the assets of Transworld. We further recognize that the uncertainty surrounding the specific assets involved could prompt a partition suit in the future. *See Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). Appellant's point of error number four is therefore sustained.

In view of our holding on appellant's fourth point of error, we reverse the portions of the decree dealing with the division of the estate of the parties and remand the cause for a new determination of the character of property and the division of community property. This disposition makes it unnecessary for us to rule specifically upon the three remaining points of error. The attention of the trial court is directed to the opinion in the recent case of *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982) for guidance.

The judgment is affirmed as to the divorce and reversed as to the disposition and division of community property, and the cause is remanded for further proceedings not inconsistent with this opinion.