Robert A. WARD, Et Ux, Individually and as Next Friend for John Aaron Ward, Relators,

v.

The Honorable John CORNYN, Respondent.

No. 04–85–00304–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1985.

Rehearing Denied Dec. 9, 1985.

Leonard J. Gittinger, Jr., San Antonio, for relators.

Marilyn G. Eades, Plunkett, Gibson & Allen and Allan Dubois, San Antonio, for respondent.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## ON RELATORS' PETITION FOR WRIT OF MANDAMUS

CADENA, Chief Justice.

This is an original mandamus proceeding. Relators moved for and were granted leave to file a petition seeking a writ of mandamus commanding Honorable John Cornyn, Judge of the 131st District Court of Bexar County, to set aside and cancel his order granting defendants' "motion to strike and protective order" and to reinstate an order granting leave to file supplemental responses.

Rule 166b of the Texas Rules of Civil Procedure requires that leave of court on good cause be obtained when a party seeks to supplement responses to discovery concerning expert witnesses within thirty (30) days prior to trial.

This case was set for trial on July 15, 1985. On June 20, 1985, an ex parte hearing was held before the Honorable James C. Onion. No notice of this hearing had been sent to the defendants. Judge Onion apparently did not sign a formal order but merely affixed his signature to the supplemental responses. These supplemental responses have not been made a part of this record. However, defendant, Humana, Inc., admits in its brief that the judge signed the responses, and that by so doing granted the necessary leave for late filing of the supplemental responses.

The defendants filed a motion to strike the supplemental responses with the presiding judge, the Honorable John Cornyn. All parties appeared at the hearing held on June 26, 1985, at which arguments were apparently heard. No record was made of any of the various hearings.

Judge Cornyn granted defendants' motion to strike, and respondents subsequently filed a motion to reconsider on which a hearing was conducted on July 2, 1985. This motion was denied and this petition for mandamus followed.

Mandamus will not issue unless a clear abuse of discretion is shown. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984). From the state of the record in this mandamus proceeding, we cannot hold that there was a clear abuse of discretion. No statement of facts has been brought forward. We therefore do not have a complete record of what Judge Cornyn had before him. Absent a statement of facts or findings of fact and conclusions of law, this court will assume the trial court made all necessary findings to support its judgment. *Gutierrez v. Gutierrez*, 643 S.W.2d 786, 787 (Tex.App.—San Antonio 1982, no writ). We therefore deny the writ of mandamus.

CANTU, Justice, concurring.

The instant mandamus proceeding demonstrates a blatant defect in the present system of handling pretrial matters in a multijudicial district county.

What at one time seemed a simple attempt to comply with Rule 166b(5)(b) of the Texas Rules of Civil Procedure has deteriorated into a judicial carousel and has encouraged judge shopping.

Rule 166b in pertinent part provides: If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.

On June 20, 1985, some twenty-five days prior to the scheduled trial, relators sought to supplement prior answers to interrogatories requiring the disclosure of prospective expert medical witnesses. The required supplemental response was presented to Judge James C. Onion for his consideration on whether to grant leave to file less than thirty days prior to trial. Judge Onion in the exercise of discretion affixed his signature indicating that he granted leave to file in accordance with Rule 166b. We are advised that no hearing was held before Judge Onion and that no evidence was considered by the judge in arriving at his decision. Undoubtedly it did not escape Judge Onion that the real party in interest would not suffer any prejudice by allowing supplementation twenty-five days prior to trial. Such was the state of the matter at the time and no hearing was necessary for a consideration of such apparent facts.

On June 25, 1985, the real party in interest filed a motion to strike the supplemental response. The motion was granted on June 26, 1985, by the Honorable John Cornyn acting as the presiding judge for the district courts hearing civil matters in Bexar County under a procedure adopted by the various courts effective May 1, 1972, and referred to as the rules of the district

courts of Bexar County, Texas. *See also* TEX.REV.CIV.STAT.ANN. art. 199(37) (Vernon Supp.1985). The relators filed a motion to reconsider which was heard and overruled by Judge Cornyn on July 2, 1985.

Under the provisions of the local rules the presiding judge disposes of non-contested matters without necessity for a setting or any district court judge not already engaged in an assigned case may hear the matter. Leave to file late under Rule 166b requires a showing of good cause in order to avoid the imposition of severe sanctions when discovery is found to be the subject of abuse. *See* TEX.R.CIV.P. 215(5).

The granting of leave to file late supplementation by Judge Onion was an implied finding by that court, in the exercise of sound discretion, that sanctions were not required. We are not favored with a transcription of the proceedings before Judge Onion, and presumably none was preserved by a court reporter, if any was in fact taken.

The order entered by Judge Onion was entered pursuant to the local rules and as authorized by TEX.R.CIV.P. 330(g), (h). It was, therefore, valid and binding upon the parties and upon any other judge hearing subsequent matters in the case unless it be shown that the order was entered by a court without power to do so.

Because Rules 166b and 215 require the exercise of discretion, a court ought not be permitted to retry a matter by delving into a question of abuse of discretion by a court of coordinate jurisdiction. Such matters are more appropriately the function of an appellate court either on appeal or by writ of mandamus when clear abuse is alleged.

I do not for one minute doubt the real party in interest's right to obtain review of the ruling by Judge Onion in this court. It was, however, apparently more *convenient* to seek review from the presiding court, or so it seems. I do not believe such practice promotes judicial economy. Rather, it would seem, it encourages judge shopping.

Inasmuch as the orders of Judge Onion and Judge Cornyn are both interlocutory,

presumably the setting aside or reinstatement of either may still be accomplished ad infinitum so long as a final appealable judgment has not been entered. We are informed by both parties that the case has been assigned to Judge Onion for trial on the merits subject to the stay order entered by this court pending disposition of relators' application for writ of mandamus.

A denial of the writ by this court presumably confers authority upon Judge Onion to commence disposing of the matter on the merits and I suppose to set aside Judge Cornyn's order setting aside the order granting leave to file late supplementation.

Where is the valid and binding effect contemplated by Rule 330?

The majority refuses to consider the merits of the application because a statement of facts developed at the June 26, 1985 hearing has not been provided us. Assuming a statement of facts had been available, how could it have been shown that Judge Onion abused his discretion in granting leave to file when it is conceded that no transcription was available from Judge Onion's hearing. If Judge Cornyn's order is entitled to a presumption of validity and regularity, so is Judge Onion's, more so because it was first in time.

More disturbing to me is this court's willingness to permit courts of coordinate jurisdiction to play games with the civil dockets of Bexar County under the guise that it is actually the same court reconsidering its prior order while in truth and in fact courts of coordinate jurisdiction sit in judgment of each other's exercise of discretion.

While this court should refrain from assuming a supervisory role over trial courts in matters clearly within the function of those courts, it should not hesitate to exercise such role when the system below breaks down through erroneous usurpation of power.

I agree that without a transcription of the testimony developed on June 26, 1985, this court cannot say that Judge Cornyn has *clearly* abused his discretion in setting aside Judge Onion's order. Nevertheless, I think this court's action is setting a precedent which will inevitably return to haunt it when and if a statement of facts accompanies an application to this court.

If such happens we will be called upon to decide what standard of review Judge Cornyn was bound by in overruling Judge Onion and whether Judge Cornyn's action is a clear abuse of his discretion, if in fact he has any. I would feel more comfortable holding that Judge Cornyn had no discretion to exercise in a matter already adjudicated by a judge of coordinate jurisdiction through the exercise of its discretion. TEX.R.CIV.P. 330(h). If the order entered by Judge Onion required rethinking, Judge Cornyn should have assigned the motion to strike back to Judge Onion for reconsideration of its discretionary exercise. Any dissatisfaction with the ruling of Judge Onion can then be directed to this court. Any other procedure defeats the purpose of the presiding judgeship alluded to in article 199 and Rule 330. I reluctantly concur in the denial of the writ of mandamus.