**LOHIE INVESTMENT CO., Appellant,**

**v.**

**C.G.P., INC. NO. 10, A Texas General Partnership, Appellee.**

**No. 01–87–00508–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 26, 1988.

Howard C. Lee, Jr., Robert H. Fisher, Carl, Lee, Fisher & Coselli, Houston, for appellant.

William C. Reiff, Mont Desert, Me., for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a judgment, based on a jury's verdict, awarding appellee $11,566, plus $9,000 attorney's fees and additional amounts for appeal. The $11,566 was recovery from $25,566 in attorney's fees that had been retained by appellant from the proceeds of a foreclosure sale of appellee's property, and that the jury found unreasonable.

Appellant challenges both the award to appellee for recovery of part of the attorney's fees retained by appellant on the foreclosure sale, and the attorney's fees awarded appellee for litigating its claim.

In point of error one, appellant challenges the trial court's admitting testimony of three expert witnesses, over its objection, based on appellee's failure to supply their names 30 days before trial. Two of the witnesses, Mr. Bass and Mr. Prappas, testified about the unreasonableness of the amount of attorney's fees retained by appellant from the foreclosure sale. The third expert witness was William Reiff, appellee's attorney, who testified in regards to the $9,000 attorney's fees sought by appellee for the litigation of its claim.

The record reflects that on March 15, 1985, appellant filed a request for admissions and interrogatories, in which it re-

quested the names of any expert witnesses expected to be called. On October 13, 1985, appellee filed a response in which it stated that the names had not yet been determined. On April 10, 1987, 10 days before trial and two years from the date of appellant's request, appellee filed a proposed pretrial order in which it named for the first time Bass and Prappas as expert witnesses. This order is not in the record, but both parties have stipulated to its existence and its contents. Also Reiff testified about it at trial, admitting that the proposed order was the first indication of the names of the two expert witnesses and that he never gave any indication that he would take the stand as an expert witness.

 Upon request, the identity of expert witnesses must be disclosed no less than 30 days prior to the beginning of trial. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987) (citing former Tex.R.Civ.P. 166b(5)(b), now rule 166b(6)(b)). Failure to comply will result in automatic exclusion of testimony unless the proffering party demonstrates good cause for its admission. *Id.* (citing Tex.R. Civ.P. 215(5)). It is no longer the burden of the questioning party to show surprise or to accept a forced continuance. *Gutierrez v. Dallas Indep. School Dist.*, 729 S.W. 2d 691, 694 (Tex.1987).

 In *Hutton*, the supreme court disallowed the recovery of attorney's fees, finding it error to have allowed the appellee's attorney to testify, over objection, where the appellee failed to supply the attorney's name as an expert witness. Therefore, because appellee never supplied Reiff's name as an expert witness, the trial court erred in allowing Reiff to testify about fees for litigating this case. Furthermore, any award of attorney's fees was error because Reiff's testimony was the only evidence to support such an award.

 The admitting of the testimony of Bass and Prappas regarding the reasonableness of the retained attorney's fees from the foreclosure sale raises an additional issue. Their names were provided prior to trial, but not less than 30 days before trial, and there is no record of appellee having obtained leave of court to file within that time period, as required by rule 166b.

Appellee argues that leave of court may be inferred by the trial court's overruling appellant's various pre-trial motions on the subject. Appellant cites no authority for this argument. Furthermore, the record before this Court does not contain any of the motions referred to by appellee, the court's order overruling them, or a statement of facts on any hearing regarding these motions. Nor does the record indicate any consideration by the trial court of appellee's proposed order naming the two expert witnesses. We also note that, unlike Tex.R.Civ.P. 63 that places the burden on the opposing party to show surprise upon the late filing of amended pleadings, leave to file late under rule 166b puts the burden on the filing party to show good cause. *Ward v. Cornyn*, 700 S.W.2d 281, 283 (Tex.App.—San Antonio 1985, no writ) (citing Tex.R.Civ.P. 215(5)).

 Appellee offers several other arguments why it was not error to allow Bass and Prappas to testify. First appellee suggests that its supplying the subject matter of the expert witnesses' testimony should be sufficient. This argument is without merit. Rule 166b requires the supplementation of both names and subject matter not previously disclosed. We also note that in this case concerning only a single issue, i.e., the reasonableness of attorney's fees retained, the names of the expert witnesses were the only information that appellant could not deduce himself.

Next, appellee contends that these names were provided to appellant by informal correspondence in March of 1987. Appellant, in a supplemental brief, challenges this statement. Nor is the alleged correspondence in the record before this Court. Furthermore, Reiff testified to the contrary when he admitted that the proposed order filed April 10, 1987, was the first indication of the names of the two expert witnesses.

 Appellee then points to a pre-trial conference on April 10, 1987, where it contends that appellant's counsel declined an

offer to depose the experts. There is no evidence in the record of what transpired at the pre-trial conference. Furthermore, we have already stated that the burden was on appellee to show good cause for the late filing, *Ward,* 700 S.W.2d at 283, and that there was no burden on appellant, i.e., to show surprise or to accept a continuance, *Gutierrez,* 729 S.W.2d at 694. We therefore find that appellant was not required to accept any offer to depose the experts.

Because appellee did not timely provide the names of the expert witnesses, nor obtain leave of court by showing good cause in order to file 10 days before trial, we find that the trial court erred in allowing the testimony of Bass and Prappas. Because their testimony is the only evidence of the unreasonableness of the attorney's fees retained by appellant, we hold that there is no evidence to support the award to appellee of $11,566.

Point of error one is sustained.

Based on our disposition of point of error one, we need not address the other points of error.

The judgment of the trial court is reversed, and a take-nothing judgment is rendered.