Affirmed and Memorandum Opinion filed October 2, 2003









Affirmed and Memorandum Opinion filed October 2, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01000-CV

____________

 

FOUAD ABOU-TRABI, Appellant

 

V.

 

BEST INDUSTRIAL UNIFORM SUPPLY, INC., Appellee

 



 

On Appeal from the County Civil Court at Law
No. 1

Harris County, Texas

Trial Court Cause No. 768,283

 



 

M
E M O R A N D U M   O P I N I O N

This
is an appeal from the trial court=s denial of appellant Fouad
Abou-Trabi=s petition for a bill of review
challenging a post-answer default judgment in a breach of contract case brought
by appellee Best Industrial Uniform Supply, Inc.  We affirm.

Factual and Procedural Background








In
1997, Best was engaged in the business of renting uniforms to companies for
their industrial workers.  Abou-Trabi
owns and operates a used-auto-parts business under the assumed name of Acorn
Foreign Auto Parts.  In September 1997,
Jerry Field, an Acorn employee, entered into a five-year contract under which
Best was to provide uniforms on a weekly basis to five Acorn employees.  Either Abou-Trabi or his employees paid for
the uniforms for Athe better part of a year,@
but then stopped paying.

In
November 1998, Best sued Abou-Trabi for breach of contract.  In its petition, Best stated Abou-Trabi could
Abe
served with process at 2103 Thompson Crossing Drive, Richmond, Texas 77469.@  The Thompson Crossing address was Abou-Trabi=s
residential address until July 1997 and his former wife=s
address in November 1998.

On
November 19, 1998, a private process server served the petition on Abou-Trabi
at 4909 West 34th Street in Houston, Abou-Trabi=s business address.  Abou-Trabi then telephoned Shannon Nash, an
attorney who had previously represented Abou-Trabi in an unrelated matter.  Abou-Trabi asked Nash to see whether he could
take the case.  On November 23, 1998,
Abou-Trabi sent a facsimile of the petition to Nash.  When, after two days, he had not heard from
Nash, Abou-Trabi filed a pro se answer on November 25.  In the answer, Abou-Trabi listed his address
as A4909
W 34th St Houston, Tx 77092@ and his telephone number as A(281)
433-3984.@ 
Abou-Trabi did not send a copy of his pro se answer to anyone.

It
was Nash=s
understanding Abou-Trabi had hired him. 
With the answer date approaching, Nash called Abou-Trabi=s
office and learned Abou-Trabi had left the country.  Feeling obligated to do so, Nash filed an
answer on November 30, 1998, and sent it by certified mail, return receipt
requested, to Peter Pratt, Best=s attorney.[1]  Nash believed he mailed a copy of the answer
to Abou-Trabi, but, because the case was old, he no longer had the correspondence
file which would have contained the documentation indicating he had done
so.  The only address Nash had for
Abou-Trabi was the Thompson Crossing address.








On
June 18, 1999, the court ordered trial set for November 22, 1999.  The copy of the order was sent to Nash, not
to Abou-Trabi.  After Nash received the
scheduling order, he telephoned Abou-Trabi to let Abou-Trabi know they had a
trial date and that Abou-Trabi needed to pay a retainer.  Abou-Trabi informed Nash he had filed his own
answer and wanted to proceed pro se.  On
July 20, 1999, Nash filed a motion to withdraw, and on August 11, the trial
court granted the motion.  Nash sent a
copy of his motion to withdraw to Abou-Trabi by certified mail, return
requested, to the Thompson Crossing address.

On
November 22, 1999, the trial court dismissed the case for want of
prosecution.  The copy of the dismissal
order was sent to Abou-Trabi at the Thompson Crossing address.  Best moved to reinstate the case, the trial
court granted the motion, and trial was set for January 3, 2000.  On January 3, 2000, Abou-Trabi did not
appear, and the trial court rendered a default judgment in favor of Best in the
full amount of Best=s liquidated damages.  The certificate of last known address for
Abou-Trabi on the judgment gives the Thompson Crossing address, and the notice
of judgment was sent to Abou-Trabi at the Thompson Crossing address.[2]








In
March 2002, Abou-Trabi, represented by counsel, filed a petition for bill of
review challenging the default judgment. 
He alleged, in part, he Ahad no notice, and thus did not
receive his constitutional right to due process, as he received no notice of
two (2) trial settings, a Motion to Reinstate, nor of the Default judgment
entered in this cause.@ 
At the bill of review hearing, the court admitted Pratt=s
and Abou-Trabi=s depositions, and Nash and
Abou-Trabi testified.

Pratt=s
deposition testimony concerned the collection procedures he had followed on
Best=s
behalf.  Pratt stated he sent everything
to the Thompson Crossing address.

Nash
testified about his representation of Abou-Trabi in the earlier, unrelated,
case.  Nash also testified about
Abou-Trabi=s initial contact concerning the
present case, about filing the answer, and about his subsequent withdrawal as
counsel.  The Thompson Crossing address
was the only address Nash had for Abou-Trabi.

Although
Abou-Trabi had signed an affidavit stating he had read the petition for bill of
review and the allegations contained therein were Atrue
and correct,@ he admitted that many of the
representations in the petition were false. 
Abou-Trabi also stated he had not read all of the petition.

Abou-Trabi
testified he left the Thompson Crossing residence in July 1997 and never
returned although his ex-wife and daughter were residing there and he had
visitation rights with his daughter.  He
did not file a change of address with the Post Office because he did not have
important mail coming to Thompson Crossing; all his business mail came to the
West 34th Street address.

Abou-Trabi
testified he called the court many times to find out about the lawsuit.  He asked the clerk whether there was a
lawsuit against Acorn Foreign Auto Parts, and the clerk said there was no
lawsuit.  Abou-Trabi also testified the
clerk never asked him for the case number even though he told the clerk he had
filed an answer to the lawsuit. 
According to Abou-Trabi, the clerk did not ask for his name, and he did
not give it to her.

During
the hearing, the trial court indicated it thought the case depended on whether
or not there was fault or negligence on Abou-Trabi=s
part.  At the conclusion of the hearing,
the trial court denied the petition for bill of review.  Abou-Tribi did not request, and the court did
not file, findings of fact and conclusions of law.








Discussion

Abou-Trabi
raises three issues on appeal:  (1)
whether the trial court Aerred@ in denying his petition for bill of
review; (2) whether he received notice of the trial setting that resulted in
the default judgment in the underlying breach of contract case, and (3) whether
his rights to due process and due course of law were violated by the default
judgment being entered without notice to him of the trial setting.  Our analysis of the first issue necessarily
encompasses the remaining two.

In reviewing the grant or denial of a bill of review, we
indulge every presumption in favor of the trial court=s ruling and will not disturb the
ruling unless there is an affirmative showing of an abuse of judicial discretion.  See Nguyen v. Intertex, Inc., 93
S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (citing Interaction,
Inc./State v. State/Interaction, Inc., 17 S.W.3d 775, 778 (Tex. App.CAustin 2000, pet. denied)).  We may reverse the  trial court for abusing its discretion only
if it has acted in an unreasonable or arbitrary manner, or without reference to
any guiding rules and principles.  Id.
(citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991)).  We may not reverse for abuse of
discretion merely because we disagree with a decision by the trial court, if
that decision was within the trial court=s discretionary authority.  Id. (citing Beamont Bank, 806
S.W.2d at 226).

Additionally, because Abou-Trabi did not request, and the
trial court did not make, findings of fact and conclusions of law, we must
affirm the judgment of the trial court on any legal theory that finds support
in the evidence.  Id. (citing EZ
Pawn Corp. v. Gonzalez, 921 S.W.2d 320, 322 (Tex. App.CCorpus Christi 1996, writ
denied)).  In the absence of findings of
fact and conclusions of law, we presume the trial court found the necessary
facts in support of its judgment if there is any probative evidence to support
such findings.  Id. at 293B94 (citing Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989)).








A
bill of review is an independent equitable action brought by a party to a
former action who seeks to set aside a judgment that is no longer appealable or
subject to motion for new trial.  Baker
v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979).  According finality to judgments is of
fundamental importance.  Montgomery v.
Kennedy, 669 S.W.2d 309, 312 (Tex. 1984). 
Therefore, a court scrutinizes bills of review seeking relief from final
judgments with Aextreme jealousy, and the grounds on
which interference will be allowed are narrow and restricted.@  Id.; Brooks v. Assocs. Fin. Corp.,
892 S.W.2d 91, 92 (Tex. App.CHouston [14th Dist.] 1994, no writ).

A
bill of review petitioner must ordinarily plead and prove the following:  (1) a meritorious claim or defense; (2) that
he was prevented from making by the fraud, accident or wrongful act of his
opponent; (3) unmixed with any fault or negligence of his own.  Ortega v. First RepublicBank Fort Worth,
N.A., 792 S.W.2d 452, 453 (Tex. 1990). 
Courts have relaxed these requirements when the party petitioning for
the bill of review seeks to set aside a default judgment on the basis he was
not served with process.  Winrock
Houston Assocs. Ltd. P=ship v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.CHouston
[14th Dist.] 1994, no writ).  In such
cases, the petitioner need not prove fraud, accident or a wrongful act of the
opposite party.  Id. (citing Texas
Indus., Inc. v. Sanchez, 525 S.W.2d 870, 871 (Tex. 1975)).  He also does not have to prove a meritorious
defense.  Id. (citing Peralta
v. Heights Med. Ctr., Inc., 485 U.S. 80, 86B87, 108 S. Ct. 896, 899B900
(1988); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988)).








The
petitioner must, however, demonstrate he was free from fault or negligence in
letting the judgment be taken, a requirement which encompasses an absence of
negligence in allowing the trial court to render the default judgment against him.  See id.  A party=s failure to make reasonable
inquiries regarding his pending litigation is failure to exercise diligence,
and without the showing of such diligence, a bill of review will fail since the
appellant will not be able to prove his non‑negligence in allowing the
judgment against him to be rendered and to become final.  See Melton v. Ryander, 727 S.W.2d 299,
302 (Tex. App.CDallas 1987, writ ref=d
n.r.e.).

Even
if we assume Abou-Trabi did not receive notice of the trial setting that
resulted in the default judgment against him, this case is distinguishable from
Peralta v. Heights Medical Center, in which the defendant was neither served
with the petition nor received notice of the judgment.  See 485 U.S. at 81, 83, 108 S. Ct. at
897B98.[3]  Abou-Trabi, in contrast, was personally
served with a copy of the petition, styled, ABest Industrial Uniform Supply Co.,
Inc. vs. Fouad Abou-Trabi.@

Abou-Trabi=s
failure to establish lack of fault or negligence on his own part is
dispositive.  By virtue of personal
service on him, Abou-Trabi had notice of the pending case.  Although he alleges he contacted the district
court clerk on several occasions, he apparently never asked about the case
using the style of the case or the cause number.  Although Abou-Trabi provided his business
address on his pro se answer, he did not send Best or its counsel a copy of
that answer.  He did not provide the Post
Office with a forwarding order.  He
apparently did not provide his own attorney with his business address.

Abou-Trabi
has not established that his rights to due process and due course of law were
violated by entry of the default judgment in combination with denial of the
bill of review.  He has not established
lack of fault or negligence on his own part. 
The trial court did not abuse its discretion in denying the bill of
review.[4]








We
overrule Abou-Trabi=s issues on appeal.  We affirm the judgment of the trial court.

 

 

 

 

/s/        John
S. Anderson

Justice

 

Judgment rendered and Memorandum
Opinion filed October 2, 2003.

Panel consists of Chief Justice
Brister and Justices Anderson and Seymore.

 

 











[1]  Nash testified
he checked with the clerk=s office to see whether an answer had been filed, but
at the time he checked there was no notice of it on the computer.





[2]  Texas Rule of
Civil Procedure 239a provides in relevant part:

 

At or immediately prior to the time . . . final
default judgment is rendered, the party taking the same or his attorney shall
certify to the clerk in writing the last known mailing address of the party
against whom the judgment is taken, which certificate shall be filed among the
papers in the cause.  Immediately upon
the signing of the judgment, the clerk shall mail written notice thereof to the
party against whom the judgment was rendered at the address shown in the certificate,
and note the fact of such mailing on the docket. . . .  Failure to comply with the provisions of this
rule shall not affect the finality of the judgment.

 

Tex. R. Civ. P. 239a. 





[3]  In Peralta,
the defendant had no notice of the lawsuit against him, and the Supreme Court
rejected the reasoning of the Texas courts that Peralta was required to show he
had a meritorious defenseCapparently on the ground that, without a defense, the
same judgment would again be entered on retrial, and therefore appellant had
suffered no harm from the judgment entered without notice.  See Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 82, 85, 108 S. Ct. 896, 899 (1988). 
The United States Supreme Court found this reasoning untenable because,
had Peralta had notice of the suit, he might have impleaded the employee whose
debt Peralta had allegedly guaranteed, worked out a settlement, or paid the
debt.  Id.  As
set forth above, however, we do not require Abou-Trabi to prove fraud, accident
or a wrongful act of the opposite party or a meritorious defense.





[4]  The trial
court also could have denied the petition on the basis that Abou-Trabi did not
come into court with clean hands.  See
Kelton v. Kelton, 448 S.W.2d 569, 570 (Tex. Civ. App.CHouston [14th Dist.] 1969, no writ) (stating a bill of
review is an equitable remedy and the petitioner must come into court with
clean hands).  In his deposition,
Abou-Trabi admitted the petition contained untrue statements, which he had sworn,
in an affidavit, were true.