Gloria Jean MYKLEBUST, Appellant,

v.

Carl MYKLEBUST, Jr. et al., Appellees.

No. A2378.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 10, 1980.

Rehearing Denied Oct. 1, 1980.

Dvosha Roscoe, Gay, De La Garza & Roscoe, Houston, for appellant.

Dorothy Keenan, Baker & Botts, Houston, for appellees.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a Summary Judgment granted to Defendants in a post–divorce challenge to the property division. Appellant contends that she was deprived of a portion of her community property at the time of divorce by concealment of community assets. This alleged concealment is said to have resulted from a continuing conspiracy perpetrated by her former husband (not a party to this appeal) and appellees, his former employers. We reverse and remand.

On January 23, 1978, Mr. Myklebust terminated his employment with appellees. Appellant and Mr. Myklebust were divorced on March 13. On March 29, appellant filed her original petition in this cause. In her amended petition she contended that valuable assets were not included in the inventory Mr. Myklebust submitted to the trial court in the divorce action. These assets were primarily stock options which he received in the course of his employment with appellees. The options were earned during coverture, and thus were community property. Tex.Fam.Code Ann. § 5.01 (Vernon 1975). As these assets were not divided or awarded by the trial court, the former spouses became tenants–in–common in ownership of the property. Appellant knew of their existence prior to the divorce but of no details concerning them. The numerous requests made by appellant's attorney to appellees for information regarding these benefits were summarily rejected both during and after the divorce proceedings. Appellant's attorney was informed that the requested information was confidential and would not be released absent the consent of Mr. Myklebust, a court order, or a *subpoena duces tecum*. Appellees' corporate counsel stated in a letter to appellant's attorney on Feb. 13 that further inquires without one of these would "do [her] no good." This calloused resistance to the legitimate inquiries of appellant was unjustified.

Appellant's suspicions were reasonably heightened by her discovery of a memoran-

dum from Mr. Myklebust exercising part of his stock options in early June, 1977. Before these shares were issued, and while the divorce was pending, the instructions were apparently revoked.

Mr. Myklebust exercised certain stock options on April 15, 1978, after this action was filed, requesting that one share less than one half of those to which he was entitled be issued in appellant's name. Pursuant to these instructions, appellant received 1,031 shares of Medenco Inc. common stock on May 11. Appellant then attempted to determine whether other undisclosed assets yet existed. Notice of intent to take the deposition of four officers or employees of appellees was mailed to counsel for appellees on June 29. Appellees again aroused the suspicions of Appellant when they, instead of giving the requested information, met this notice by a Motion for Protection under Tex.R.Civ.P. 186b. This motion was granted. Ultimately, appellees did answer the interrogatories sent to them in March. In their answers appellees said they set forth the nature and extent of the options, how they had been exercised, and Mr. Myklebust's interests in appellees' retirement and employment compensation plan. The answers stated that such interests had expired upon the termination of Mr. Myklebust's employment. Had these answers come at the appropriate time, the suspicions might have been allayed. Had the answers been given in the original divorce proceeding and the trial court given the opportunity to divide this property, appellant well might have benefited substantially.

Appellant alleges that the Summary Judgment evidence viewed in its totality and "in the light most favorable to the party opposing the motion," *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 (1962), established that a genuine issue exists as to a material fact.

The two causes of action asserted by appellant were fraudulent concealment and conspiracy to defraud appellant of her community property rights. Appellees concede that they intentionally withheld information, but justify their conduct claiming that

there was no duty to divulge voluntarily. They claim that such "conduct . . . must surely be routine in the administration of employee benefits plans, where care must be taken to protect the confidentiality of employee records." Appellees reveal a crucial lack of understanding of this state's community property system. It is not disputed that the benefits in question were community property prior to rendition of the divorce decree. [Tex.Fam.Code Ann. § 5.01 (Vernon 1975)] and property held as tenants in common afterwards. Consequently, Mrs. Myklebust had rights equal to those of her husband regarding those benefits. Appellees owed to both the same duty to disclose information upon reasonable request and proper identification. This duty does not breach Appellee's duty to maintain the confidentiality of the employed spouse's employment records, as the employer also has a confidential and quasifiduciary relationship with the nonemployed spouse.

The exact question of the duty of an employer to disclose the existence and nature of an employee's benefits to the spouse of an employee has never been addressed in the courts of this state. Nevertheless, a duty of disclosure is clearly implied. To hold otherwise would create an unjustifiable economic burden upon the spouse of the employee.

As the trial court's ruling appears to rest upon the conclusion that no such duty existed, we must remand this case to the trial court below for further consideration.

The days of the economic subservience of women are gone forever; no longer may a woman be denied the right to know how she stands with regard to property in which she owns an interest.

Reversed and remanded.