Nicholas **BACHYNSKI**, et al, Appellant,

v.

**FOX AND COMPANY**, et al., Appellee.

No. A14–82–678CV.

Court of Appeals of Texas,
Houston (14th Dist.)

Dec. 1, 1983.

Larry R. Johnson, Houston, for appellant.

Jarrold A. Glazer, Lohman, Glazer & Irwin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal of a suit for payment of accounting services based on an oral contract. Appellant, Nicholas Bachynsky, M.D., d/b/a KBG Coal Company, appeals from a judgment against him in favor of Fox and Company. After a jury trial, the trial judge entered a judgment that appellant owed appellee $1,600, including $800 attorneys fees.

Appellant brings four points of error. Points of error one and three complain that the trial judge improperly submitted Special Issue No. 1 to the jury. Special Issue No. 1 as submitted read as follows:

Do you find from preponderance of the evidence that on the occasion in question Plaintiff Fox and Company was to deliver the completed returns and bill Defendant KBG Coal Company, or Defendant KBG Coal Company was to pay C.O.D.

upon completion and presentation of the completed tax return in question?

To which the jury answered: "Defendant KBG Coal Company was to pay C.O.D. upon presentation of the completed return in question." Point of error one complains that as submitted this special issue assumes timely completion of the return, a question which should have been submitted to the jury. Point of error three asserts that the issue of whether Fox and Company failed to perform its material obligations under the agreement (complete the return on time) should also have been submitted to the jury.

Point of error two alleges that Special Issue No. 2 should have inquired whether Fox and Company "timely notified" Dr. Bachynsky that the returns were ready. Special Issue No. 2 as submitted read as follows:

Do you find from a preponderance of the evidence that on the occasion in question Plaintiff Fox and Company notified Defendant KBG Coal Company, its agents, servant or employees, that the tax returns were completed and ready to be delivered upon payment of the fee for professional services?

To which the jury answered "We do."

Appellant's requested that Special Issues Nos. 1 and 2 read as follows:

1. Do you find from a preponderance of the evidence that Fox and Co. failed to perform material obligations of the agreement to render KBG accounting services.

2. Do you find from a preponderance of the evidence that on the occasion in question Plaintiff Fox and Company timely notified Defendant KBG Coal Company, its agents, servant or employees, that the tax returns were completed and ready to be delivered upon payment of the fee for professional services.

Point of error four asserts that the trial court erred in refusing to submit appellant's Special Issue No. 5 as to whether Fox and Company attempted to render services after KBG Coal Company instructed it to

cease work. We overrule point of error four, sustain points of error one, two and three, reverse the judgment of the trial court and remand this case for judgment not inconsistent with this opinion.

Appellant retained appellee's accounting firm to prepare his individual tax return for 1978, which included appellant's interest in KBG Coal Company. Mr. Ritzwoller, with Fox and Company, testified that the return for KBG was already on extension and was due August 15, 1979. He testified further that KBG was to pay for the returns upon receipt. The invoice reflecting these services read "Due and payable upon receipt."

Dr. Bachynsky and two of his employees who dealt with Fox and Company regarding KBG, Don Esacove and Ron Day, testified that they were never notified that the return had been prepared. In fact, KBG hired W.D. Green to prepare its return after failure to file the return triggered an IRS audit. KBG notified Fox and Company of its dismissal in a letter dated July 18, 1979. Mr. Ritzwoller stated that a letter dated July 30, 1979 stating that the return was ready was prepared but not sent to Dr. Bachynsky, but that in mid-August he notified Dr. Bachynsky by phone that the return was ready.

Appellant failed to pay for these services after numerous demands, and appellee brought suit to collect its fees. After both sides rested, the court submitted the case to the jury by special issues.

In response to points of error one and three, appellee contends that the trial judge submitted the correct version of Special Issue No. 1 because the issues of whether Fox and Company met its material obligations under the contract and timely completed the return were not properly supported by the pleadings or the evidence. While it is true that the court should not submit special issues not supported by the pleadings or the evidence, *Harrison v. Harrison*, 597 S.W.2d 477 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.), the appellant in our case met this requirement. First, in appellant's Third Amended Answer, he generally denied all of appellee's allegations. Fur-

ther, he specifically claimed that appellee did not render services as agreed pursuant to the oral agreement. Finally, appellant produced testimony at trial supporting the assertion that appellee had not complied with the agreement or timely prepared the return.

Appellee asserts that because appellant did not prove the terms of the oral agreement, specifically, the time by which appellee was to complete the return, it was therefore not entitled to a special issue on timeliness and material compliance with the agreement. Appellee fails to distinguish *Moody v. Messer*, 489 S.W.2d 319 (Tex.Civ. App.—Corpus Christi 1972, no writ) from the present case. In *Moody*, which also involved accounting services, the court held that a professional services contract includes an implied term that the services are to be rendered with care, skill, reasonable expedience and in a good workmanlike manner; and, if the work is not performed in such manner and the work proves to be worthless, then the person performing the work will not be permitted recovery therefor. Although in *Moody* the court denied recovery because the services were not performed in a workmanlike manner, the rule of *Moody* applies to our case. A tax return which is not prepared timely is essentially worthless to the client. Appellant, therefore, was entitled to a special issue on whether appellee timely prepared the return in material compliance with the oral agreement. We sustain points of error one and three.

Point of error two asserts that the trial court erred in not qualifying Special issue No. 2 to include the word "timely" before notice. At trial, Mr. Ritzwoller testified that he notified appellant by phone in mid-August that the return was ready. Although Dr. Bachynsky and two others testified that they received no such notice, the jury was entitled to accept or reject any or all of the testimony. *Pendley v. Fite*, 602 S.W.2d 560 (Tex.Civ.App.—Amarillo 1980, no writ). The way this issue was stated, if the jury believed Mr. Ritzwoller, they

**774**

would answer affirmatively without considering whether the notice was timely.

 Appellee contends that the timeliness of notice was an evidentiary rather than a controlling issue, and that therefore, the court was not required to submit it to the jury. A case may not be reversed because of the failure to submit different shades of the same issue. *Williams v. Texas City Refinery, Inc.,* 617 S.W.2d 823 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). In *Mayflower Investment Co. v. Stephens,* 345 S.W.2d 786, 789 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.), the court, quoting 3 R. McDonald, Texas Civil Practice in District and County Courts § 12.06, stated:

> A controlling special issue ... may be described, then, as a question which inquires as to the truth of a single material proposition of fact which constitutes a component element of a ground of recovery of or defense.... No special issue submits a controlling issue if, when answered, it can have no effect upon the judgment.

 The issue of timeliness of notice in our case is a controlling issue. If notice of completion of the returns was timely (prior to when the return was due) the returns would not have been worthless to appellant and appellee would not have breached the oral agreement. The court should have submitted the issue of "timely notice" to the jury. We sustain point of error two.

Point of error four complains that the trial court erred in refusing to submit appellant's requested Special Issue No. 5 on whether appellee attempted to render services after appellant ordered it to cease. Appellee asserts that this point is without merit because appellant did not affirmatively plead this defense. We agree.

 Appellant did not raise this issue with either his specific or general denial. Because appellee did not object to this testimony when offered as not supported by the pleadings we might conclude that this issue was tried by consent. Affirmative defenses may be tried by consent, even if not proper-

ly pled. *Whitley v. Whitley,* 566 S.W.2d 660 (Tex.Civ.App.—Beaumont 1978, no writ). However, prior to the submission of special issues on a matter tried by consent, the pleadings must be altered by Trial Amendment to conform with the evidence at trial. Tex.R.Civ.P. 67. In our case, appellant did not request a trial amendment, and therefore, was not entitled to a special issue on whether it ordered appellee to cease work. We overrule point of error four.

Accordingly, we reverse the judgment of the trial court and remand this case for judgment not inconsistent with this opinion.