**Orville E. HADDOCK, Jr., Appellant,**

v.

**Larry A. ARNSPIGER, M.D., Appellee.**

**No. 05-87-01201-CV.**

Court of Appeals of Texas,
Dallas.

Nov. 28, 1988.

Rehearing Denied Jan. 4, 1989.

G.H. Kelsoe, Jr., Jeffrey L. Clark, Dallas, for appellant.

Jerry Grissom, Michael R. Berry, Dallas, for appellee.

Before WHITHAM, McCLUNG and KINKEADE, JJ.

McCLUNG, Justice.

Orville E. Haddock, Jr. appeals an adverse judgment in a medical malpractice action brought against Larry A. Arnspiger, M.D. Appellant alleges that the trial court erred in striking his res ipsa loquitur pleadings prior to trial; in refusing to submit a res ipsa loquitur question to the jury; and that the jury verdict was against the great weight and preponderance of the evidence. For the following reasons, we affirm the judgment of the trial court.

Appellant alleges that his colon was perforated by appellee during a routine colonoscope examination. Appellee does not deny perforating appellant's colon; rather, appellee contends that the injury was not the result of his negligence. The jury found that appellant did suffer a serious injury but further found that the injury was not the result of negligence by appellee.

In his first point of error appellant maintains that it was error by the trial court to strike his res ipsa loquitur pleadings. The Medical Liability and Insurance Improvement Act provides:

> The common law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of the effective date of this subchapter.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 7.01 (Vernon Supp.1988). This statute in its present form went into effect on August 29, 1977; the examination forming the basis of this case took place on the morning of November 9, 1982.

The doctrine of res ipsa loquitur will imply negligence in those cases where (1) the character of the accident and the circumstances surrounding it lead to the conclusion that it would not occur in the absence of negligence, and (2) the injury is caused by some instrumentality or agency within defendant's exclusive control. *Roberson v. Factor*, 583 S.W.2d 818, 820 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.).

Texas courts have allowed application of this doctrine in malpractice actions in those circumstances where the negligence is obvious to a layman. Examples of such situations include the use of certain mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body. *Williford v. Banowsky*, 563 S.W.2d 702, 705 (Tex.Civ.App.—Eastland 1978, writ ref. n.r.e.).

■ Appellant urged at oral argument that res ipsa loquitur is applicable in this case because it involves the use of a mechanical instrument. A careful reading of the case law on this point, however, reflects that one may not rely on the doctrine of res ipsa loquitur in cases which involve the use of *any mechanical instrument.* The doctrine finds no application in those instances where the operation of those mechanical instruments is not within the common knowledge of laymen. *See Williford*, 563 S.W.2d at 705 (proper use of a high speed rotary instrument in a dental treatment is not a matter within the common knowledge of laymen); *Hamilton v. Sowers*, 554 S.W.2d 225 (Tex.Civ.App.—Fort Worth 1977, writ dism'd) (administration of anesthetics by use of a hypodermic needle not within common knowledge of laymen); *Irick v. Andrew*, 545 S.W.2d 557 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) (use of x-ray apparatus not a matter within the common knowledge of laymen).

■ This case involves a flexible colonoscope, a highly sophisticated instrument. Testimony at trial revealed that extensive training is required for the proper use of such an instrument. We conclude that the proper use of this instrument is clearly not a matter within the common knowledge of laymen; therefore, the doctrine of res ipsa loquitur is not applicable. Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that res ipsa loquitur was raised by the evidence during trial and that the trial court erred in refusing to submit a res ipsa loquitur question to the jury. The trial court is required to submit the cause upon the jury questions controlling the disposition of the case that are raised by the *written pleadings* and the evidence in the case. *Burditt v. Sisk*, 710 S.W.2d 114, 117 (Tex.App.—Corpus Christi 1986, no writ). At oral argument appellant urged that res ipsa loquitur was tried by consent. Even if we assume, but do not so hold, that res ipsa loquitur was a matter tried by consent, the pleadings must be altered by trial amendment to conform with the evidence at trial. TEX.R.CIV.P. Rule 67 (Vernon 1979); *Bachynski v. Fox & Co.*, 662 S.W.2d 771, 774 (Tex.App.—Houston [14th Dist.] 1983, no writ). Appellant did not request a trial amendment, consequently he had no written pleading to support his request based on the evidence and, therefore, was not entitled to a jury question on the res ipsa loquitur issue. Further, Texas Rule of Civil Procedure 279 (in effect at the time of this trial) provided that failure to submit a question shall not be deemed a ground for reversal of the judgment unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment. TEX.R.CIV.P. 279 (Vernon 1977).[1] The record does not disclose appellant's tendering of this issue or the trial court's refusal to submit this issue to the jury.

■ Appellant urges that he did submit a res ipsa loquitur question in the form of a single general negligence issue. If we were to assume, but do not so hold, that such a submission satisfies Rule 279, appellant has nonetheless failed to preserve error on this point. Texas Rules of Civil Procedure further require that when a requested jury question is refused by the court, the judge must endorse on the question "Refused" and sign and file the same. TEX.R.CIV.P. 276 (Vernon 1976).[2] In the

---

1. Texas Rule of Civil Procedure Rule 279 was subsequently amended on July 15, 1987, effective January 1, 1988. The relevant portion now appears in Rule 278 of the Texas Rules of Civil Procedure.

2. Texas Rule of Civil Procedure Rule 276 was subsequently amended on July 15, 1987, effective January 1, 1988.

absence of such an indication in the record that the issue was presented to the trial court and refused, no error is shown. *Cambridge Mutual Fire Insurance Co. v. Newton*, 638 S.W.2d 75, 80 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Appellant has the burden of making an appellate record. *Woodruff v. Cook*, 721 S.W.2d 865, 871 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Further, appellant must provide this Court with a record that includes whatever is material to the appeal. *Temple v. Dull*, 640 S.W.2d 639, 639 (Tex.App.—Houston [14th Dist.] 1982, no writ). In order to preserve a claim of error based upon the overruling of a motion, the motion and the court's action on that motion must appear in the record. *Gulf Oil Corp. v. Williams*, 642 S.W.2d 270, 272 (Tex.App.—Texarkana 1982, no writ). No such ruling appears in the record. Appellant's second point of error is overruled.

In his third point, appellant argues that the jury verdict finding no negligence on the part of appellee was against the great weight and preponderance of the evidence. In reviewing all factual insufficiency points we must consider all evidence relevant to the fact being challenged. This Court may set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). After a review of the entire record we are persuaded that there is ample evidence to support the jury findings.

Appellant first called a gastroenterologist with extensive experience with colonoscope examination techniques. He testified that there is a probable risk of perforation in one out of 1,000 colonoscope examinations. This expert expressed the opinion that appellee lacked sufficient training in the use of the instrument prior to conducting the examination of appellant. However, he further testified that "he could perforate a patient's colon tomorrow" but felt that his training would help him to recognize the problem sooner than appellee did. He further testified that a great deal of pressure would be necessary to force a colonoscope through the bowel wall. Appellant later called another expert, a pathologist. It was elicited from this expert on cross-examination that she had never done a colon exam on a live human being, wouldn't "have any business" telling anyone how to use a colonoscope, and, indeed, had looked through a colonoscope for the first time after giving a deposition for this case.

Appellee testified in his own behalf that, while he apparently did perforate appellant's colon with the colonoscope during the examination, there was nothing to indicate at that time that he had done so and that he did not apply excessive pressure in the use of the scope. Appellee called a physician familiar with appellee and his reputation as a physician who gave his opinion that appellee was well qualified in the use of the colonoscope, and that appellee might have had no reason to believe that any complication had occurred. This testimony was corroborated by the emergency room treating physician, who testified through deposition. This witness also contradicted appellant's claim that appellee denied any possibility of having punctured appellant's colon, thereby delaying proper treatment.

This Court is not a fact finder, and therefore does not pass upon the credibility of the witnesses or substitute its judgment for that of the trier of fact. This is true even though there is conflicting evidence upon which a different conclusion could be supported. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). We conclude that there is sufficient evidence to support the jury's determination that appellee was not negligent.

In his third point of error appellant argues that the trial court erred in not granting appellant's motion for new trial. Because we have held that the jury verdict is not against the great weight and preponderance of the evidence, we hold that it was not error to overrule appellant's motion for new trial on those grounds.

The judgment of the trial court is affirmed.