Sandra Courville DEMLER, Appellant,

v.

Mark Louis DEMLER, Appellee.

No. 05–91–00740–CV.

Court of Appeals of Texas,
Dallas.

July 2, 1992.

James F. Newth, Dallas, for appellant.

John Alan Goren, Dallas, for appellee.

Before STEWART, OVARD, and KAPLAN, JJ.

OPINION

OVARD, Justice.

Sandra Demler appeals from a divorce granted to her and Mark Demler. In four points of error, Sandra complains that the trial court erred in (1) not giving a requested jury instruction on the issue of cruelty, (2) refusing to distribute the Coca–Cola stock options as part of the assets of the community, (3) refusing to grant Sandra a greater portion of the community property, and (4) disregarding the jury's award of attorney's fees on appeal. Mark filed reply points to all of Sandra's complaints and contends that Sandra has waived her appeal by enforcing the trial court's judgment. We hold that Sandra did not waive her appeal, and we affirm the judgment in part and reverse and remand the cause in part.

## WAIVER OF APPEAL

A litigant cannot treat a judgment as both right and wrong by voluntarily accepting benefits and prosecuting an appeal therefrom. *Carle v. Carle*, 149 Tex. 469, 474, 234 S.W.2d 1002, 1004 (1950). This rule, however, is inapplicable where a reversal of the judgment on the grounds asserted by the appellant could not possibly affect those benefits received. *Id.* In his first two reply points, Mark cites *Carle* and argues that Sandra has waived her entire appeal and any complaint about the attorney's fee award by accepting (1) a one-half interest in Mark's employee thrift plan, (2) $5,383.96 from a savings account, and (3) $2,355.79 in attorney's fees. We disagree.

In order to consider whether a party is estopped from appealing, the record must reflect the relevant facts showing

voluntary acceptance of benefits of the judgment. *Rogers v. Rogers,* 806 S.W.2d 886, 889 (Tex.App.—Corpus Christi 1991, no writ). When the statement of facts does not clearly reflect such acceptance, one appropriate way to develop the record is through affidavits. *Id.* Here, Mark has presented this Court with relevant facts showing Sandra's voluntary acceptance of the savings account and the attorney's fees. He did so by referencing us to canceled checks and supporting affidavits. He, has not however, clearly established her acceptance of the thrift plan. *See id.* He merely states that she "accepted the thrift plan account." He does not refer us to, nor can we find, any evidence of Sandra's alleged acceptance of the plan. Accordingly, we address only Sandra's voluntary acceptance of the savings account and attorney's fees.

■ Acceptance of *cash* benefits has been held as an exception to the general rule announced in *Carle. Trevino v. Trevino,* 555 S.W.2d 792, 795–96 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Haggard v. Haggard,* 550 S.W.2d 374, 377 (Tex.Civ. App.—Dallas 1977, no writ) (use of cash awarded one spouse should not preclude appeal where rights of the other spouse would not be prejudiced; trial court could take cash paid into consideration in the event of a redivision). As the Corpus Christi Court of Appeals points out in *Trevino,* acceptance of cash benefits under a judgment does not necessarily prejudice the rights of the other spouse. *Id.* The *Trevino* court reasoned that upon redivision of the property, the court could take the money awarded into consideration and, if there was an insufficient cash award to repay the money accepted, assets could be ordered sold to meet the debt.

The savings account Sandra accepted is a cash award. It appears from the property settlement that Sandra will have sufficient assets to cover a possible reimbursement of the the money in the account. Similarly, the attorney's fees accepted by Sandra and her attorney represent cash. Again, Sandra's assets could be sold to cover any possible reimbursement of those fees to

Mark. We hold that there is no possibility that a reversal of the judgment in this case would affect Mark's rights to the benefits secured under the judgment. *See Carle,* 234 S.W.2d at 1004; *Trevino,* 555 S.W.2d at 796; *Haggard,* 550 S.W.2d at 377. We hold that Sandra did not waive her appeal.

## REQUESTED JURY INSTRUCTION ON CRUELTY

In her first point of error, Sandra contends that the trial court erred in failing to instruct the jury on the issue of cruelty. Mark counters that Sandra failed to properly preserve this point for appeal because she (1) submitted all of her proposed jury instructions *en masse* and (2) did not obtain rulings on the proposals. We agree that the error, if any, was waived.

■ Requested issues and instructions must be submitted separately. *Edwards v. Gifford,* 137 Tex 559, 564, 155 S.W.2d 786, 788–89 (1941); *see Swinney v. Winters,* 532 S.W.2d 396, 404 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). A party who makes a group request of a number of issues cannot complain on appeal of their refusal by the trial court. *Id.* A trial judge is not "required to search through the requested issues and submit those which are proper and refuse those which are improper." *Edwards,* 155 S.W.2d at 788.

■ Moreover, the Texas Rules of Civil Procedure further require that when a requested jury question is refused by the court, the judge must endorse on the question "refused" and sign and file the same. Tex.R.Civ.P. 276; *Haddock v. Arnspiger,* 763 S.W.2d 13, 15 (Tex.App.—Dallas 1988), *aff'd,* 793 S.W.2d 948 (Tex.1990). In the absence of such an indication in the record that the issue was presented to the trial court and refused, no error is shown. *Id.* at 16; *Cambridge Mut. Fire Ins. Co. v. Newton,* 638 S.W.2d 75, 80 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Sandra has the burden of making an appellate record, and she must provide this Court with any information material to her appeal. *Haddock,* 763 S.W.2d at 16.

■ Sandra filed a "Motion for Proposed Issues and Definitions" with the court below. Her motion contained eight requested issues and three requested definitions. These issues and definitions were submitted *en masse*, not separately, and contained no endorsements by the trial court. Because Sandra failed to comply with both the submission rule and the endorsement rule, she has waived any complaint about the trial court's failure to include the omitted issues in the charge. *See Swinney*, 532 S.W.2d at 404; *Haddock*, 763 S.W.2d at 15–16; *Breithaupt v. Navarro County*, 675 S.W.2d 335, 339 (Tex.App.—Eastland 1984, writ ref'd n.r.e.). We overrule Sandra's first point of error.

## DISTRIBUTION OF THE STOCK OPTIONS

■ In her second point of error, Sandra complains that the trial court erred by refusing to distribute the Coca–Cola stock options as part of the assets of the community. Mark argues that the reason the trial court did not divide the options is because Sandra did not introduce evidence that would permit a proper division. He insists that because the trial court did not have the evidence before it necessary to divide the options, it did the only thing it could do—make no decision concerning a division of the stock options. He concludes that because Sandra could obtain the relief requested by filing a post-divorce partition, any error in failing to divide the options is harmless. We are unpersuaded by Mark's argument.

Section 3.63(a) of the Texas Family Code provides that "the court shall order a division of the estate." TEX.FAM.CODE ANN. § 3.63(a) (Vernon Supp.1992) (emphasis added). It is well settled that section 3.63 is mandatory and that when the jurisdiction of the divorce court is invoked to determine the rights of property as between spouses, the court must decree a division of the property. *Blancas v. Blancas*, 495 S.W.2d 597, 601 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.); *Ex parte Scott*, 133 Tex. 1, 123 S.W.2d 306, 313 (1939).[1] While failure of the court to decree a division of the property does not render the decree void, when complained of and properly presented for review, the failure to decree a division of property is reversible error.[2] *Blancas*, 495 S.W.2d at 601; *Russell v. Russell*, 79 S.W.2d 639, 641 (Tex.Civ.App.—Fort Worth 1935, writ dism'd); *See Gutierrez v. Gutierrez*, 643 S.W.2d 786, 788 (Tex.App.—San Antonio 1982, no writ) (trial court abused its discretion and erred in failing to mention or divide a community asset—a business; judgment reversed as to the disposition of the property and remanded for further proceedings); *Geesbreght v. Geesbreght*, 570 S.W.2d 427, 436 (Tex.Civ.App.—Fort Worth 1978, writ dism'd) (trial court erred in not taking into consideration all relevant property interests in reaching an equitable division of the property on divorce).

■ As Mark concedes in his brief, employee stock options may constitute community property subject to division. *See Myklebust v. Myklebust*, 605 S.W.2d 397, 397 (Tex.Civ.App.—Houston [14th Dist.] 1980), (stock options earned during marriage were community property) *rev'd on other grounds*, 615 S.W.2d 187 (Tex.1981). In fact, at trial, Mark testified that he had been awarded Coca–Cola stock options during the marriage. The trial court did not dispose of or mention the options in the divorce decree. Sandra, in her motion for new trial, appropriately complained about the court's failure to divide these assets. The court, however, denied her motion for new trial. Under these circumstances, we hold that the trial court erred in failing to divide the Coca–Cola stock options. *See Gutierrez*, 643 S.W.2d at 788; *Geesbreght*,

---

**1.** Although section 3.63 of the Texas Family Code was amended in 1981, the mandatory language of the statute was not changed. Accordingly, prior case law, such as *Blancas* and *Ex parte Scott*, is still applicable.

**2.** If the divorced parties do not complain about the court's failure to divide the property, the parties become tenants in common in the property or joint owners thereof just as if they had never been married. *Blancas*, 495 S.W.2d at 601; *see Kirkwood v. Domnan*, 80 Tex. 645, 16 S.W. 428, 429 (1891).

**700**

570 S.W.2d at 427; *Blancas,* 495 S.W.2d at 601. We sustain Sandra's second point of error and reverse and remand this case insofar as it concerns the disposition and division of the community property.

## COMMUNITY PROPERTY DIVISION

Because we reverse and remand that portion of the cause concerning disposition and division of the community property, we find it unnecessary to address Sandra's third point of error—that the trial court abused its discretion when it refused to grant her a greater portion of the community property.

## ATTORNEY'S FEES

In her final point of error Sandra complains that the trial court erred when it disregarded the jury's award of attorney's fees on appeal. However, because Sandra did not raise this point in her motion for new trial or move for correction, modification, or reformation of the judgment as to the attorney's fees award, we hold that she has waived any complaint about it on appeal. TEX.R.APP.P. 52(a); *cf. Metromedia Long Distance, Inc. v. Hughes,* 810 S.W.2d 494, 499 (Tex.App.—San Antonio 1991, no writ) (to complain of judgment on appeal, party must bring those errors to trial court's attention in some manner).

We affirm the trial court's judgment with regard to the grant of divorce, the failure to submit a jury instruction on cruelty, and the award of attorney's fees. We reverse the judgment with regard to the disposition and division of community property, including the Coca–Cola stock options, and remand the cause for further proceedings consistent with this opinion.