Warren v. Warren

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-408-CV

TERRY WARREN APPELLANT

V.

BRENDA WARREN APPELLEE

------------

FROM THE 325
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this divorce case, Terry Warren appeals from the final decree of divorce from his former wife, Brenda Warren.  In three issues, Terry complains that the trial court erred by issuing a divorce decree that differs from the parties’ Rule 11 settlement agreement and by holding him in contempt of court. We will affirm in part and dismiss in part.

Terry and Brenda Warren were married in 1985 and had one child.  During the marriage, Terry worked at Lockheed Martin while Brenda ran a community business from the parties’ home called Pro Express Receivables that assisted doctors in collecting medical bills.  

On August 16, 2000, Terry filed his original petition for divorce.  Thereafter, the parties entered into a mediated Rule 11 settlement agreement, which they filed and presented to the trial court on February 4, 2002.  The agreement divided the parties’ marital estate and resolved child custody and child support issues.  The trial court orally granted the parties’ divorce on the same day the agreement was filed, but did not sign the final decree of divorce until almost seven months later.

On March 8, 2002, Terry filed a separate tax return in which he falsely reported to the IRS that he had not been married during 2001; that he had received none of the community income from Pro Express Receivables; that he was entitled to claim their child for a full dependent exemption; and that he was entitled to the entire property tax and mortgage interest deductions on the marital residence.  Based on this return, Terry obtained a $28,907 tax refund which was wired into the parties’ joint checking account on March 22, 2002 and removed by Terry three days later.  Upon learning of Terry’s activities, Brenda sought and obtained a temporary restraining order which was later converted to an agreed temporary injunction enjoining Terry from transferring or disposing of the tax refund.  

In the summer of 2002, the trial court held a hearing on Brenda’s motion to reopen the evidence.  The trial court granted the motion, stating that there was community property and debt not divided in the parties’ Rule 11 agreement.  The trial court also ordered Terry to deliver the $28,907 tax refund to Brenda and ordered her to apply it to the parties’ 2001 taxes.  Terry, however, failed to deliver the funds pursuant to the trial court’s order and was eventually jailed for four days for contempt of court.

On September 26, 2002, the trial court signed a final decree of divorce ordering, among other things, that the parties file a joint tax return for 2001 and cooperate with one another in the preparation of the return.  The decree further declared that the parties would be equally responsible for their 2001 taxes and that any deficiency or refund would be split equally between them. 

In his first and third issues, Terry challenges the final divorce decree on the ground that it differs from the parties’ Rule 11 agreement by adding provisions for the parties’ tax obligations.  In response, Brenda contends that Terry is estopped from challenging the final divorce decree on appeal because he has already accepted the benefits of that judgment.

Under the acceptance-of-benefits doctrine, a litigant cannot treat a judgment as both right and wrong.  
Carle v. Carle
, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); 
Bloom v. Bloom
, 935 S.W.2d 942, 945 (Tex. App.—San Antonio 1996, no writ).  If a litigant voluntarily accepts the benefits of a judgment, he is estopped from challenging it on appeal.  
Carle
, 234 S.W.2d at 1004.  The doctrine, however, does not apply if (1) reversal of the judgment could not possibly affect the appellant’s right to the benefits already secured under it; (2) economic circumstances compelled the appellant to accept benefits; or (3) the appellant’s acceptance of cash benefits under the judgment was not prejudicial to the other party.  
Carle
, 234 S.W.2d at 1004; 
Demler v. Demler
, 836 S.W.2d 696, 697 (Tex. App.—Dallas 1992, no writ), 
overruled on other grounds by Dallas Mkt. Ctr. Dev. Co. v. Liedeker
, 958 S.W.2d 382 (Tex. 1997); 
Smith v. Tex. Commerce Bank
, 822 S.W.2d 812, 814 (Tex. App.—Corpus Christi 1992, writ denied); 
Trevino v. Trevino
, 555 S.W.2d 792, 795-96 (Tex. Civ. App.—Corpus Christi 1977, no writ).

In an appeal from a judgment brought by a party who has accepted benefits from the judgment, the appellee has the burden to establish that the appellant is estopped by the acceptance-of-benefits doctrine.  
Cooper v. Bushong
, 10 S.W.3d 20, 23 (Tex. App.—Austin 1999, pet. denied).  This burden is satisfied if the record reflects the relevant facts showing voluntary acceptance of benefits of the judgment.  
Demler
, 836 S.W.2d at 697; 
Rogers v. Rogers
, 806 S.W.2d 886, 889 (Tex. App.—Corpus Christi 1991, no writ). 

It is undisputed that Terry accepted benefits from the judgment in this case in the form of proceeds from the sale of the parties’ residence.
(footnote: 2)  Terry contends, however, that he is not estopped from appealing the judgment on the basis of the acceptance-of-benefits doctrine because reversal and remand would not affect his right to these benefits and because his acceptance of the benefits was not prejudicial to Brenda.  We disagree.  Contrary to Terry’s argument, if this case were reversed and remanded, the trial court could order a new division of the community estate which would affect both Terry’s and Brenda’s rights to the previously divided proceeds from the sale of their residence as well as the division of debt.  In addition, Terry’s receipt of the proceeds from the sale of the parties’ residence has prejudiced Brenda.  The record shows that the majority of Terry’s half of the proceeds has been used to pay credit card debt, and there is no evidence showing that Terry has the ability to reimburse the community estate in the event the trial court redistributes the estate on remand in a manner more favorable to Brenda.

Because Terry has voluntarily accepted the benefits of the final divorce decree and no exception to the acceptance of benefits doctrine applies, Terry is estopped from appealing the decree.  We overrule his first and third issues.

In his second issue, Terry complains that the trial court improperly held him in contempt of court for violating the court’s order to deliver the tax refund to Brenda’s attorney.  Contempt judgments are not appealable, even when together with a judgment that is appealable.  
In re Long
, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); 
Hodge v. Hicks Airfield, Inc., 
No. 02-03-012-CV, slip op. at 3, 2003 WL 1564315, at *1 (Tex. App.—Fort Worth Mar. 27, 2003, no pet.) (mem. op.);
 Cadle Co. v. Lobingier
, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (en banc).  Because we lack jurisdiction to review the trial court’s contempt order by appeal, we must dismiss that part of Terry’s appeal.  
See Tex. Animal Health Comm’n v. Nunley
, 647 S.W.2d 951, 952-53 (Tex. 1983); 
Metzger v. Sebek
, 892 S.W.2d 20, 55 (Tex. App.—Houston [1
st
 Dist.] 1994, writ denied), 
cert denied
, 516 U.S. 868 (1995).

We dismiss Terry’s appeal of the trial court’s contempt order and affirm the final decree of divorce.

PER CURIAM

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DELIVERED: October 16, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Pursuant to the mediated settlement agreement incorporated in the divorce decree, the marital residence was sold and each party received one-half of the net proceeds of $60,045.50.  Terry received $11,773.59 out of his half of the proceeds at the closing of the sale, and the remainder of his portion of the sales proceeds was applied to credit card debts.