COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-02-408-CV
 
TERRY WARREN                                                                    APPELLANT
 
V.
 
BRENDA WARREN                                                                    APPELLEE

------------

FROM THE 325TH 
DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION 
 



------------

        In 
this divorce case, Terry Warren appeals from the final decree of divorce from 
his former wife, Brenda Warren. In three issues, Terry complains that the trial 
court erred by issuing a divorce decree that differs from the parties’ Rule 11 
settlement agreement and by holding him in contempt of court. We will affirm in 
part and dismiss in part.
        Terry 
and Brenda Warren were married in 1985 and had one child. During the marriage, 
Terry worked at Lockheed Martin while Brenda ran a community business from the 
parties’ home called Pro Express Receivables that assisted doctors in 
collecting medical bills.
        On 
August 16, 2000, Terry filed his original petition for divorce. Thereafter, the 
parties entered into a mediated Rule 11 settlement agreement, which they filed 
and presented to the trial court on February 4, 2002. The agreement divided the 
parties’ marital estate and resolved child custody and child support issues. 
The trial court orally granted the parties’ divorce on the same day the 
agreement was filed, but did not sign the final decree of divorce until almost 
seven months later.
        On 
March 8, 2002, Terry filed a separate tax return in which he falsely reported to 
the IRS that he had not been married during 2001; that he had received none of 
the community income from Pro Express Receivables; that he was entitled to claim 
their child for a full dependent exemption; and that he was entitled to the 
entire property tax and mortgage interest deductions on the marital residence. 
Based on this return, Terry obtained a $28,907 tax refund which was wired into 
the parties’ joint checking account on March 22, 2002 and removed by Terry 
three days later. Upon learning of Terry’s activities, Brenda sought and 
obtained a temporary restraining order which was later converted to an agreed 
temporary injunction enjoining Terry from transferring or disposing of the tax 
refund.
        In 
the summer of 2002, the trial court held a hearing on Brenda’s motion to 
reopen the evidence. The trial court granted the motion, stating that there was 
community property and debt not divided in the parties’ Rule 11 agreement. The 
trial court also ordered Terry to deliver the $28,907 tax refund to Brenda and 
ordered her to apply it to the parties’ 2001 taxes. Terry, however, failed to 
deliver the funds pursuant to the trial court’s order and was eventually 
jailed for four days for contempt of court.
        On 
September 26, 2002, the trial court signed a final decree of divorce ordering, 
among other things, that the parties file a joint tax return for 2001 and 
cooperate with one another in the preparation of the return. The decree further 
declared that the parties would be equally responsible for their 2001 taxes and 
that any deficiency or refund would be split equally between them.
        In 
his first and third issues, Terry challenges the final divorce decree on the 
ground that it differs from the parties’ Rule 11 agreement by adding 
provisions for the parties’ tax obligations. In response, Brenda contends that 
Terry is estopped from challenging the final divorce decree on appeal because he 
has already accepted the benefits of that judgment.
        Under 
the acceptance-of-benefits doctrine, a litigant cannot treat a judgment as both 
right and wrong. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004 
(1950); Bloom v. Bloom, 935 S.W.2d 942, 945 (Tex. App.—San Antonio 
1996, no writ). If a litigant voluntarily accepts the benefits of a judgment, he 
is estopped from challenging it on appeal. Carle, 234 S.W.2d at 1004. The 
doctrine, however, does not apply if (1) reversal of the judgment could not 
possibly affect the appellant’s right to the benefits already secured under 
it; (2) economic circumstances compelled the appellant to accept benefits; or 
(3) the appellant’s acceptance of cash benefits under the judgment was not 
prejudicial to the other party. Carle, 234 S.W.2d at 1004; Demler v. 
Demler, 836 S.W.2d 696, 697 (Tex. App.—Dallas 1992, no writ), overruled 
on other grounds by Dallas Mkt. Ctr. Dev. Co. v. Liedeker, 958 S.W.2d 382 
(Tex. 1997); Smith v. Tex. Commerce Bank, 822 S.W.2d 812, 814 (Tex. 
App.—Corpus Christi 1992, writ denied); Trevino v. Trevino, 555 S.W.2d 
792, 795-96 (Tex. Civ. App.—Corpus Christi 1977, no writ).
        In 
an appeal from a judgment brought by a party who has accepted benefits from the 
judgment, the appellee has the burden to establish that the appellant is 
estopped by the acceptance-of-benefits doctrine. Cooper v. Bushong, 10 
S.W.3d 20, 23 (Tex. App.—Austin 1999, pet. denied). This burden is satisfied 
if the record reflects the relevant facts showing voluntary acceptance of 
benefits of the judgment. Demler, 836 S.W.2d at 697; Rogers v. Rogers, 
806 S.W.2d 886, 889 (Tex. App.—Corpus Christi 1991, no writ).
        It 
is undisputed that Terry accepted benefits from the judgment in this case in the 
form of proceeds from the sale of the parties’ residence. 

 Terry contends, however, that 
 he is not estopped from appealing the judgment on the basis of the 
 acceptance-of-benefits doctrine because reversal and remand would not affect 
 his right to these benefits and because his acceptance of the benefits was not 
 prejudicial to Brenda. We disagree. Contrary to Terry’s argument, if this 
 case were reversed and remanded, the trial court could order a new division of 
 the community estate which would affect both Terry’s and Brenda’s rights to 
 the previously divided proceeds from the sale of their residence as well as the 
 division of debt. In addition, Terry’s receipt of the proceeds from the sale 
 of the parties’ residence has prejudiced Brenda. The record shows that the 
 majority of Terry’s half of the proceeds has been used to pay credit card 
 debt, and there is no evidence showing that Terry has the ability to reimburse 
 the community estate in the event the trial court redistributes the estate on 
 remand in a manner more favorable to Brenda.
        Because 
Terry has voluntarily accepted the benefits of the final divorce decree and no 
exception to the acceptance of benefits doctrine applies, Terry is estopped from 
appealing the decree. We overrule his first and third issues.
        In 
his second issue, Terry complains that the trial court improperly held him in 
contempt of court for violating the court’s order to deliver the tax refund to 
Brenda’s attorney. Contempt judgments are not appealable, even when together 
with a judgment that is appealable. In re Long, 984 S.W.2d 623, 625 (Tex. 
1999) (orig. proceeding); Hodge v. Hicks Airfield, Inc., No. 
02-03-012-CV, slip op. at 3, 2003 WL 1564315, at *1 (Tex. App.—Fort Worth Mar. 
27, 2003, no pet.) (mem. op.); Cadle Co. v. Lobingier, 50 S.W.3d 662, 671 
(Tex. App.—Fort Worth 2001, pet. denied) (en banc). Because we lack 
jurisdiction to review the trial court’s contempt order by appeal, we must 
dismiss that part of Terry’s appeal. See Tex. Animal Health Comm’n v. 
Nunley, 647 S.W.2d 951, 952-53 (Tex. 1983); Metzger v. Sebek, 892 
S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied), cert 
denied, 516 U.S. 868 (1995).
        We 
dismiss Terry’s appeal of the trial court’s contempt order and affirm the 
final decree of divorce.
                                                                  PER 
CURIAM
 
PANEL 
A:   CAYCE, C.J.; DAY and GARDNER, JJ.

DELIVERED: October 16, 2003