

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00154-CV

LUBBOCK COUNTY, APPELLANT

V.

OSCAR REYNA, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2018-530,166, Honorable David L. Gleason, Sitting by Assignment

May 19, 2023

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Lubbock County appeals the entry of an April 22, 2022 judgment nunc pro tunc in which the trial court corrected what it characterized as a clerical error to add an award of Oscar Reyna's attorney's fees in the amount of $207,000. Lubbock County contends that the addition of attorney's fees to the final judgment is judicial error rather than a clerical error and, therefore, the judgment could not be corrected after the trial court's plenary power had expired. However, if we affirm the trial court's entry of the nunc pro tunc

judgment, Lubbock County reurges challenges to the award of attorney's fees it asserted in its direct appeal. We reverse the judgment nunc pro tunc and remand to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Because Lubbock County appeals the trial court's entry of a nunc pro tunc judgment that adds an award of attorney's fees that was omitted from the original judgment, we will limit our factual and procedural background to those facts that are relevant to the instant appeal. For background on the case generally, we refer the reader to our opinion of January 5, 2021. *See Lubbock Cnty. v. Reyna*, No. 07-19-00330-CV, 2021 Tex. App. LEXIS 33, at *1–3 (Tex. App.—Amarillo Jan. 5, 2021, pet. denied).

We disposed of Lubbock County's direct appeal by affirming the trial court's judgment, which concluded that Reyna suffered a compensable traumatic brain injury that resulted in "incurable insanity or imbecility" and that he was, therefore, entitled to lifetime income benefits. *Id.* at *2–3, 16. However, we did not address Lubbock's County's challenges to the trial court's award of attorney's fees to Reyna because the judgment stated that such attorney's fees were to be paid "in accordance with a separate order" but no such order was included in the record. *Id.* at *15–16. While we did not address these issues, we noted that Lubbock County challenged the trial court's finding that Lubbock County did not have standing to challenge the award of Reyna's attorney's fees, exclusion of its expert witness as an improper rebuttal witness on the issue of attorney's fees, and use of erroneous life expectancy tables that resulted in the award constituting money damages that violate sovereign immunity. *Id.* at *4.

In October of 2021, Reyna filed a motion for judgment nunc pro tunc alleging that the judgment's omission of the award of attorney's fees was a clerical error. A few days later, presiding Judge Carruth signed an order denying Reyna's motion. Nonetheless, Reyna filed a brief in support of his motion for nunc pro tunc and requested that the motion be heard in open court. The case was subsequently assigned to Judge Gleason, who heard the judicial review case and entered the judgment Reyna sought to correct. A hearing was held on Reyna's motion in April of 2022. At this hearing, Lubbock County argued that Judge Carruth's order denying Reyna's motion had not been set aside or withdrawn and should, therefore, pretermit the hearing on Reyna's motion. In response, Judge Gleason stated, "I believe under Rule[s] 316 and . . . 329b(f), 'The Court may at any time correct a clerical error and render judgment nunc pro tunc.'" On this basis, Judge Gleason entered judgment nunc pro tunc to "correct the omission of the attorney's fees and the provision for the lump sum payment." This ruling was reduced to writing in the April 22, 2022 nunc pro tunc judgment, which ordered Lubbock County to pay a lump-sum payment of $207,000 as Reyna's attorney's fees out of Reyna's benefits, based on Reyna's life expectancy.

From this judgment nunc pro tunc, Lubbock County appealed. It presents five issues by its appeal. By its first issue, Lubbock County contends that the omission of Reyna's attorney's fees from the original judgment was not a clerical error that the trial court could correct by nunc pro tunc judgment. Its second issue contends that the trial court had already denied Reyna's motion for nunc pro tunc and this denial was never put aside or withdrawn. Lubbock County's final three issues are presented conditioned on our finding that the trial court's entry of the nunc pro tunc judgment was proper. Its third

3

issue challenges the trial court's determination that Lubbock County does not have standing to challenge Reyna's attorney's fees. By its fourth issue, Lubbock County contends that the trial court erred by ruling that Lubbock County's expert was not a proper rebuttal witness on the issue of attorney's fees. Finally, Lubbock County contends that the trial court erred in awarding lump-sum attorney's fees based on Reyna's life expectancy because such an award constitutes monetary damages for which Lubbock County is immune as a sovereign.

## ISSUE ONE: CLERICAL ERROR

Lubbock County's first issue contends that the trial court's omission of an award of Reyna's attorney's fees from its judgment is not a clerical error that can be corrected by a nunc pro tunc judgment.

A trial court retains plenary power over a final judgment for at least thirty days after signing it. TEX. R. CIV. P. 329b(d). This period may be extended if a party files a motion seeking a substantive change to the judgment, such as a motion for new trial or motion to modify, correct, or reform the judgment. TEX. R. CIV. P. 329b(a), (g); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). However, even after a trial court's plenary power has expired, it retains authority to correct a clerical error in its judgment by entering a judgment nunc pro tunc. TEX. R. CIV. P. 316, 329b(f); *see Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013). A judgment nunc pro tunc can correct a clerical error in the judgment, but not a judicial one. *A.P.I. Pipe*, 397 S.W.3d at 167. "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered[] and does not arise

4

from judicial reasoning or determination." *Hernandez v. Lopez*, 288 S.W.3d 180, 184 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op. on reh'g). On the other hand, a judicial error occurs in the rendering of judgment, rather than its entry, that arises from a mistake of law or fact. *Id.* at 184–85. When a prior judicial determination is reflected in the record but the signed judgment inaccurately reflects this judicial determination, the error is clerical and may be corrected. *See A.P.I. Pipe*, 397 S.W.3d at 167; *Knox v. Long*, 257 S.W.2d 289, 292–93 (Tex. 1953), *overruled on other grounds by*, *Jackson v. Hernandez*, 285 S.W.2d 184, 191 (Tex. 1955).

Whether an error is clerical or judicial is a question of law. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). "However, whether the court pronounced judgment orally and the terms of the pronouncement are questions of fact." *Id.* A judgment is generally rendered when the decision is officially announced in open court, by memorandum filed with the clerk, or otherwise announced publicly. *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002); *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam).

> In the present case, at the conclusion of the jury trial, the trial court stated,
>
> [T]he proposed final judgment from the [p]laintiff's side, with the soon to be added language for [d]efense attorney's fees, will be approved and entered in this court. Attorney's fees on a contingent basis are approved. Lump sum payment will be fine.
> ****
> Plaintiff's attorney's fees and expenses of $207,000 is approved.

However, the written judgment orders that "a lump-sum payment of attorney's fees" be paid by Lubbock County out of Reyna's benefits "in accordance with a separate order of

the [c]ourt incorporated herein by reference." No separate order addressing Reyna's attorney's fees was entered. Reyna filed a motion for nunc pro tunc judgment. After the subsequent hearing on the motion, the trial court, who presided over the initial case, stated "that this judgment nunc pro tunc should enter correcting the omission of the attorney's fees and the provision for the lump sum payment." The trial court then signed a judgment nunc pro tunc that ordered Lubbock County to pay a lump-sum payment of $207,000 in attorney's fees from Reyna's recovery. The entry of this judgment is in line with the oral pronouncement made by the trial court at the end of the trial. We conclude that the trial court rendered its judgment orally and in open court making all findings necessary to support its award of Reyna's attorney's fees and the omission of this award from the judgment constitutes a clerical error correctible by entry of a nunc pro tunc judgment. *See Hutcherson v. Lawrence*, 673 S.W.2d 947, 948 (Tex. App.—Tyler 1984, orig. proceeding) (per curiam) (trial court's failure to include award of attorney's fees in judgment after rendering judgment that included award is clerical error correctible by nunc pro tunc).

Lubbock County contends that the correction of the judgment to add attorney's fees is the correction of a judicial error rather than a clerical one. Initially, we note that Lubbock County does not address the reasoning or applicability of *Hutcherson* in its brief. Rather, Lubbock County cites three cases to support its position that the sort of correction requested by Reyna may not be corrected by nunc pro tunc. However, in none of these cases did the trial court orally render the judgment that was intended but not included in the written judgment. *See Dikeman v. Snell*, 490 S.W.2d 183, 184 (Tex. 1973) ("There is no contention that [the trial court] had earlier orally rendered or pronounced a different

6

judgment."); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 110 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) ("The record does not indicate that the trial court 'actually rendered, orally or otherwise, a judgment different from the one it signed and entered.'"); *see also In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) (per curiam) (default judgment without oral rendition by trial court). In the present case, as pointed out above, the trial court orally rendered judgment that included the express award of attorney's fees sought by Reyna. Therefore, inclusion of the attorney's fees award by nunc pro tunc was appropriate.

Lubbock County cites *Demler v. Demler*, 836 S.W.2d 696 (Tex. App.—Dallas 1992, no writ), for the proposition that Reyna waived his claim to attorney's fees by not raising the issue in a motion for new trial or motion for correction, modification, or reformation of the judgment. However, *Demler* simply states that an award of attorney's fees that is erroneously omitted from the judgment cannot be raised in a direct appeal unless it has first been presented to the trial court. *Id.* at 700[1] (citing *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, no writ), for proposition that "to complain of judgment on appeal, party must bring those errors to trial court's attention in some manner"). Here, Reyna is not challenging the omission of the award of his attorney's fees by direct appeal and he brought the matter to the attention

---

[1] While *Demler* does state that the appellant waived her complaint about attorney's fees on appeal by not raising the issue in her motion for new trial or other post-judgment motion, *see Demler*, 836 S.W.2d at 700, we construe *Demler* to turn on the fact that the appellant did not raise the issue of attorney's fees in the trial court in any manner. This conclusion is supported by the *Demler* court's citation to *Metromedia* for the proposition that "to complain of [a] judgment on appeal, [a] party must bring those errors to trial court's attention **in some manner**." *Id.* (emphasis added). Here, Reyna did present the issue of his attorney's fees to the trial court by motion for judgment nunc pro tunc before attempting to appeal the issue. As such, we do not find the issue to have been waived.

of the trial court by filing his motion for nunc pro tunc judgment. As such, we find *Demler* inapplicable.

For the foregoing reasons, we conclude that the addition of the award of Reyna's attorney's fees to the judgment is a clerical error that is correctable by nunc pro tunc. We overrule Lubbock County's first issue.

**ISSUE TWO: ORDER DENYING JUDGMENT NUNC PRO TUNC**

By its second issue, Lubbock County contends that Judge Carruth entered an order denying Reyna's motion for nunc pro tunc and this order was never put aside or withdrawn. However, Lubbock County does not cite any authority to support its contention that an order denying a motion for nunc pro tunc must be set aside or withdrawn before the judgment can be corrected. *See* TEX. R. APP. P. 38.1(i).

A "court may **at any time** correct a clerical error in the record of a judgment and render judgment nunc pro tunc . . . ." TEX. R. CIV. P. 329b(f) (emphasis added). The power to correct a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Ex parte Rinehart*, 619 S.W.3d 332, 335 n.4 (Tex. App.—Amarillo 2021, pet. ref'd) (quoting *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd)). However, notice of the motion to correct a judgment must be provided to all parties interested in the judgment. TEX. R. CIV. P. 316.

In the present case, Reyna gave notice to Lubbock County by filing his motion for judgment nunc pro tunc. Further, even after his motion was overruled by Judge Carruth's order, Reyna filed a brief in support of his nunc pro tunc motion and requested that the

8

motion be heard in open court. Reyna complied with the requirement of Rule 316 by serving a copy of this brief on Lubbock County. As such, Judge Gleason did not err in rendering judgment nunc pro tunc, even after Judge Carruth denied the motion.

We overrule Lubbock County's second issue.

## NOTE ON REVIEW OF REMAINING ISSUES

If a clerical error in a judgment is corrected after the plenary power of the court has expired, "no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment." TEX. R. CIV. P. 329b(h). Each of Lubbock County's remaining issues were presented in their appeal of the original judgment, but these issues were not addressed by this Court due to our resolution of the appeal. *See Reyna*, 2021 Tex. App. LEXIS 33, at *13–16. As such, these issues are properly before the Court at this time. *In re J.R.*, Nos. 10-12-00003-CV, 10-12-00201-CV, 2012 Tex. App. LEXIS 6900, at *11–12 (Tex. App.—Waco Aug. 16, 2012, no pet.) (mem. op.) (per curiam) ("Based on our reading of the rule, we conclude that Rule 329b(h) operates to prevent appellant from raising a *new argument* in . . . the appeal pertaining to the trial court's judgment nunc pro tunc [] that could have and should have been raised in . . . the appeal pertaining to the trial court's original dispositional order." (emphasis in original)).[2]

---

[2] Reyna contends that Lubbock County could have presented these arguments on direct appeal if it had ensured that the judgment included an award of Reyna's attorney's fees. We reject Reyna's argument that it was Lubbock County's burden to ensure that Reyna's attorney's fees award was made part of the judgment. Rather, consistent with *In re J.R.*, we conclude that it was enough that Lubbock County presented these challenges to the award of attorney's fees in its direct appeal of the judgment.

## ISSUE THREE: STANDING

By its third issue, Lubbock County contends that the trial court erred in finding that Lubbock County did not have standing to challenge the award of Reyna's attorney's fees. Reyna does not dispute Lubbock County's standing to challenge the award of Reyna's attorney's fees in this case. Because the award of Reyna's attorney's fees is commuted into a lump-sum contingency fee based on life-expectancy tables that may not accurately reflect Reyna's lifespan, Lubbock County has a sufficient relationship to the attorney's fees award to give it standing. *Tex. Mut. Ins. Co. v. DeJaynes*, 590 S.W.3d 654, 662–63 (Tex. App.—El Paso 2019, pet. denied).[3]

We sustain Lubbock County's third issue and conclude that it has standing to challenge the award of Reyna's attorney's fees.

Because the trial court expressly found that Lubbock County did not have standing to object to Reyna's attorney's fees, it has not properly considered Lubbock County's arguments regarding the admissibility of the testimony of its expert witness on the issue or whether the life-expectancy table that was used was appropriate. Once the trial court found that Lubbock County lacked standing to challenge Reyna's attorney's fees, it should not have considered any issues on the merits of the attorney's fees award. *See In re Estate of Redus*, 321 S.W.3d 160, 162–64 (Tex. App.—Eastland 2010, no pet.) (when party's standing is challenged, trial court is limited to consideration of that issue and

---

[3] We note that the *DeJaynes* opinion was issued while the direct appeal was pending. Nonetheless, because we did not address any of the issues related to an award of attorney's fees to Reyna in our previous opinion, we did not consider the impact of *DeJaynes* in relation to the issue of Lubbock County's standing. Now, with the issue properly before us, we agree with the *DeJaynes* reasoning that a carrier who is ordered to pay commuted attorney's fees based on life-expectancy tables has standing to challenge that award. *Id.*

consideration of issues relating to merits of case is beyond scope of proper review). Because the trial court has not properly considered these arguments presented by Lubbock County, we must remand the case to the trial court for further consideration of Lubbock County's challenges to the trial court's award of Reyna's attorney's fees. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 168 (Tex. 2012) (remanding case to trial court after reversing court of appeals' ruling that appellants lacked standing); *Aguirre v. Bosquez*, No. 04-06-00068-CV, 2006 Tex. App. LEXIS 8771, at *8 (Tex. App.—San Antonio Oct. 11, 2006, no pet.) (mem. op.) (when trial court's dismissal of appellant's claim due to lack of standing is reversed on appeal, remand is appropriate).

## CONCLUSION

We overrule Lubbock County's first two issues relating to the propriety of the trial court's entry of judgment nunc pro tunc. However, because we reverse the trial court's ruling that Lubbock County does not have standing to challenge its award of attorney's fees to Reyna, we reverse the judgment nunc pro tunc and remand the case to the trial court for further proceedings relating to Reyna's request for attorney's fees.

Judy C. Parker
Justice

11